## ULNER v. DORAN.　(No. 7101.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

1. BANKRUPTCY ⬦⟾315, 423 — DISCHARGE — DEBTS AND LIABILITIES DISCHARGED—JUDGMENT FOR CONVERSION.

　　A judgment against a city marshal for the conversion of rents collected by him under an attachment and paid over to the attaching creditor after notice that they had been assigned by the debtor was provable in bankruptcy and released by his discharge, as, assuming that it was for a technical conversion, a judgment in such an action is released unless there is evidence of actual fraud in incurring the liability, and the merely con-

st<sub>J</sub>uctive fraud and malice following upon the fact of conversion does not prevent the discharge of the indebtedness, whether reduced to judgment or not.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 488, 491, 818; Dec. Dig. ☞315, 423.]

2. **BANKRUPTCY** ☞433—**DISCHARGE**—**LIEN OF EXECUTION AGAINST WAGES.**

The provision of Code Civ. Proc. § 1391, that on presentation of an execution against wages to the person from whom such wages are due, or may thereafter become due, it shall become a lien and a continuing levy upon the wages due or to become due to the amount therein specified, not exceeding 10 per cent. thereof, is intended merely to avoid the necessity of successive levies from time to time, and does not create a specific lien upon the income or earnings not yet due, and which do not thereafter become due until after the execution debtor's discharge in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 808–823; Dec. Dig. ☞433.]

3. **BANKRUPTCY** ☞433 — **DISCHARGE** — **EFFECT AS TO EXECUTION AGAINST WAGES.**

Under Code Civ. Proc. § 1391, providing that an execution against wages shall become a lien and continuing levy upon wages due or to become due, and that the levy shall be a continuing levy until the execution and the expenses thereof are fully satisfied, or until modified, and that either party may apply at any time for a modification of the execution, and the court, judge, or justice may make such modification as shall be deemed just, where the execution debtor was discharged in bankruptcy, the execution should be modified; but, until modified, money collected thereunder, even after the discharge, was properly payable to the judgment creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 808–823; Dec. Dig. ☞433.]

Appeal from Special Term, New York County.

Action by Walter V. Ulner against John R. Doran. From an order denying a motion for a modification of an order for execution under section 1391, Code of Civil Procedure, defendant appeals. Reversed, and motion granted in part.

See, also, 151 N. Y. Supp. 1148.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Benjamin Berger, of New York City, for appellant.

Mervyn Mackenzie, of New York City, for respondent.

SCOTT, J. The defendant appellant is now a court attendant in the Municipal Court, and in receipt of a salary exceeding $12 per week. In 1907 he was a city marshal, and as such was intrusted with the levying of an attachment which had been issued out of the Municipal Court in an action by one Luther F. Heldon against one Fred H. Menger. By virtue of this attachment defendant levied upon and collected, as the property of said Menger, rents from certain tenants of an hotel. The action of Heldon v. Menger resulted in a judgment against said Menger on December 24, 1907, and on February 8, 1908, this defendant paid to the clerk of the Municipal Court, to the credit of the action of Heldon v. Menger, the sum of $295.35, which was at once paid over

to the plaintiff in said action. It appears, however, that in November, 1907, the said Fred H. Menger had assigned to Walter V. Ulner, plaintiff herein, all the amounts and accounts due from tenants of the above-mentioned hotel. It also appears that, before defendant paid over to the clerk of the Municipal Court the moneys so collected by him, he had been notified that Ulner, plaintiff herein, claimed to own and be entitled to said moneys, and due demand was made upon defendant therefor. Consequently, in dealing with the money collected on the property of Menger, defendant did so with full knowledge of the claim of ownership thereto by Ulner.

Ulner thereupon commenced this action to recover the moneys thus collected and paid over, and on February 10, 1909, recovered a judgment against defendant for the sum of $470.75. On April 12, 1912, an order was made, pursuant to the provisions of section 1391, Code of Civil Procedure, that an execution issue to the sheriff of the county of New York directing him to levy and collect from the salary to grow due to defendant from the city of New York the sum of $2.88 per week. On April 30, 1913, a voluntary petition in bankruptcy was filed by defendant, and such proceedings were had thereunder that a discharge in bankruptcy was granted on August 27, 1913. The debt to plaintiff was duly scheduled, and defendant's claim is that it is discharged, and the purpose of the present motion is to so modify the order for the execution against salary that no further sum shall be collected thereunder. Neither the judgment roll nor the pleadings in the present action are submitted, but it is stated on the briefs and both parties argue upon the assumption that the action was in form one for damages for the conversion of the moneys collected by defendant and paid over to the clerk of the Municipal Court in defiance of plaintiff's claim of title thereto. The question presented by this appeal, therefore, is whether a judgment for conversion is discharged by the discharge of the judgment debtor in bankruptcy proceedings, and, even if the debt was discharged, whether or not plaintiff's lien does not survive the discharge.

[1] Assuming that the action against defendant was for a technical conversion, it is now well settled that a judgment in such an action is provable in bankruptcy and released by the discharge, unless there be evidence of actual fraud in incurring the liability, of which there is no evidence in this case. The merely constructive fraud and malice which is sometimes said to follow upon the fact of conversion is not sufficient to prevent the discharge of the indebtedness, whether it has been reduced to judgment or not. Maxwell v. Martin, 130 App. Div. 80, 114 N. Y. Supp. 349; Lewis v. Shaw, 122 App. Div. 96, 106 N. Y. Supp. 1012; Collier on Bankruptcy (10th Ed.) p. 387. We think, therefore, that the judgment debt was discharged by the discharge in bankruptcy.

[2] It is urged, however, that although the debt may have been discharged the execution continues in force, and the levy thereunder remains a continuing lien upon salary to be earned after the discharge of the judgment. This claim is made under the following language of section 1391, supra:

"Said execution shall become a lien and a continuing levy upon the wages earnings, debts, salary, income from trust funds or profits due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided."

This clause is not susceptible, as we consider, of the construction claimed for it by the plaintiff. Its purpose was to avoid the necessity of successive levies from time to time whenever an installment of income might become due. It certainly was not intended to create a specific lien upon income or earnings not yet due, and which do not become due until after the discharge and satisfaction of the debt upon which the execution issued. Salary earned after the discharge in bankruptcy stands in a position analogous to that of other property acquired after a discharge, as to which a judgment included in the discharge is specifically declared not to become a lien. Section 1268, Code Civ. Proc.

[3] The true rule is that as to earnings which become due after the discharge in bankruptcy there remains no indebtedness to be satisfied, and consequently the order permitting the issue of what is sometimes termed a garnishee execution should be modified. We think, however, that the execution remained valid and enforceable until modified as contemplated by section 1391, supra, and that any moneys collected under it, even after the date of the defendant's discharge in bankruptcy, are properly payable to the judgment creditor. It was the evident intention of section 1391 that such an execution should remain in full force until satisfied by the moneys collected thereunder or modified by the court.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion granted to the extent that the order of April 4, 1912, authorizing the issue of an execution against defendant's salary will be so modified as to limit the collection to be made under such execution to those made prior to the date of the order appealed from. Settle order on notice. All concur.