EDWARD W. BRENEN, Respondent, *v.* DAHLSTROM METALLIC DOOR COMPANY, Appellant.

First Department, December 5, 1919.

Bankruptcy — lien — execution issued more than four months prior to bankruptcy against salary of bankrupt — effect as lien on future earnings — discharge — effect on execution against bankrupt's salary — decisions of Federal court on bankruptcy question as controlling State courts.

An execution issued pursuant to section 1391 of the Code of Civil Procedure against a bankrupt's salary more than four months prior to the filing of the petition in bankruptcy does not create a specific lien upon income or earnings not due until after the discharge and satisfaction of the debt upon which the execution is issued.

Section 67, subdivision f, of the Bankruptcy Act applies to executions issued under section 1391 of the Code of Civil Procedure and the debtor's discharge in bankruptcy frees his salary from the effects of such execution in so far as payments subsequent to the date of the adjudication in bankruptcy are concerned.

The Bankruptcy Act having been passed by Congress pursuant to the power delegated to it by the Federal Constitution is the supreme law of the land and its provisions are paramount to any State statute, and our State courts will follow the decisions of the Federal courts construing it, dealing with questions arising under the act even if they are in conflict with our own decisions.

APPEAL by the defendant, Dahlstrom Metallic Door Company, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the City Court of the City of New York on the 11th day of December, 1919, affirming an order of the City Court of the City of New York, granting judgment on the pleadings, and also from the judgment entered thereon in the office of the clerk of said court on the 9th day of May, 1916, in favor of the plaintiff.

*Louis W. Severy* of counsel [*Charles A. Ogren,* attorney], for the appellant.

———— ———— for the respondent.

PAGE, J.:

Prior to February 15, 1912, Howard E. Van Orden was in the employ of the defendant at a weekly salary of $45 and continued therein at all the times hereinafter mentioned. On February 15, 1912, an execution against Van Orden's salary was issued to the sheriff and by him presented to the defendant, pursuant to section 1391 of the Code of Civil Procedure. The judgment upon which the execution was issued was recovered in the Supreme Court in Richmond county, December 28, 1911. It appears from the answer that on June 19, 1912 (more than four months after the issuance of the execution), Van Orden was duly adjudicated a bankrupt in the United States District Court for the Southern District of New York; such proceedings were had therein that a discharge in bankruptcy was granted to him on October 3, 1912; the plaintiff's judgment was duly proved and allowed in the bankruptcy proceedings and was one of the

debts from which Van Orden was discharged; on January 25, 1915, after due notice to the plaintiff, an order was made by the Supreme Court discharging said judgment and directing that the same be discharged of record, and the judgment was so discharged and canceled. The defendant failed to pay ten per cent of Van Orden's salary to the sheriff for a period of fifty-nine weeks, from January 2, 1915, to and including February 12, 1916. Plaintiff brought an action in the City Court to recover the sum of $265.50, pursuant to the provisions of section 1391 of the Code of Civil Procedure. Upon the complaint and answer the plaintiff moved for judgment, which motion was granted by the City Court upon the ground that the plaintiff by the issuance and service of the execution had obtained a continuing lien upon Van Orden's salary to be earned, which survived the cancellation and discharge of the judgment and that such execution was valid and enforcible until modified pursuant to section 1391. On appeal the Appellate Term affirmed the order and judgment on the authority of *Ulner* v. *Doran* (167 App. Div. 259), although the justices thereof intimated that they did not agree with the decision in that case.

In *Ulner* v. *Doran* (*supra*) the judgment debtor moved, under section 1391, for a modification of the order for an execution against his salary, by vacating the same as to all payments and deductions made subsequent to the date of the filing of his petition in bankruptcy, he having been discharged in such proceeding, the judgment upon which the execution was issued having been duly scheduled, and the plaintiff having had notice thereof. The court at Special Term decided that as under section 1268 of the Code of Civil Procedure (now section 150 of the Debtor and Creditor Law) a judgment against a discharged bankrupt could not be canceled until one year from the discharge in bankruptcy, the execution against the salary issued thereupon would be valid and a continuing lien upon the salary during such period. We held, on appeal therefrom, that this contention was unfounded; that the provision in section 1391 that " said execution shall become a lien and a continuing levy upon the wages, earnings, debts, salary, income from trust funds or profits, due or to become due to said judgment debtor * * * and said levy

shall be a continuing levy until said execution and the expenses thereof are fully satisfied * * * " was not susceptible of such construction, and said: " It certainly was not intended to create a specific lien upon income or earnings not yet due and which do not become due until after the discharge and satisfaction of the debt upon which the execution issued. Salary earned after the discharge in bankruptcy stands in a position analogous to that of other property acquired after a discharge as to which a judgment included in the discharge is specifically declared not to become a lien." (Citing Code Civ. Proc. § 1268; Debtor and Creditor Law, § 150.) We, however, further held that the execution remained valid and enforcible until modified as contemplated by section 1391.

That decision was based upon the statutes of this State. No decision of the United States courts construing the effect of the National Bankruptcy Act was cited by counsel or considered by the court. It has been distinctly held by the Federal courts that subdivision f of section 67 of the Bankruptcy Act (30 U. S. Stat. at Large, 565) applies to executions issued under section 1391 of the ·Code ˙of Civil Procedure, and that the debtor's discharge in bankruptcy frees the bankrupt's salary from the effects of such execution, in so far as payments subsequent to the date of the adjudication are concerned. (*Matter of Ludeke,* 22 Am. Bank. Rep. 467; *Matter of Sims,* 23 id. 899; *Matter of Harrington,* 29 id. 666; *Matter of Obergfoll,* 38 id. 645; *Matter of Beck,* Id. 797.) The Bankruptcy Act having been passed by Congress pursuant to the power delegated to it by the Federal Constitution (Art. 1, § 8, subd. 4) is the supreme law of the land. Its provisions are paramount to any State statute, and we have always recognized and followed the decisions of the Federal courts construing it dealing with questions arising under that act, even if they are in conflict with our own decisions. (*Cf. Hyde Park Flint Bottle Co.* v. *Miller,* 179 App. Div. 73; *Manheim* v. *Loewe,* 185 id. 601, 607.) Therefore, this case should be decided in the light of the decisions of the Federal courts (*supra*), and we hold that the answer states a good defense.

The determination of the Appellate Term and the order of the City Court are, therefore, reversed, with costs in this court and the Appellate Term, the judgment and order of the City

Court reversed, with costs, and the plaintiff's motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING and SMITH, JJ., concurred.

Determination reversed, with costs in this court and in the Appellate Term, judgment and order of the City Court reversed, with costs, and plaintiff's motion denied, with ten dollars costs.