EDWARD J. PILLSBURY, Doing Business under the Assumed Name of E. J. PILLSBURY Co., Plaintiff, v. FRANK T. STANTON, Doing Business under the Assumed Name of FRANK T. STANTON & Co., Defendant.

Supreme Court, Monroe County, January 31, 1931.

*Gilbert A. Nusbaum [Herbert B. Thomas and Charles Lambiase* of counsel], for the plaintiff.

*Webster & Smith [Joseph W. Martin* of counsel], for the defendant.

RODENBECK, J. The action is one to recover the difference between the price at which the plaintiff claims he bought stock of the defendant, and the amount at which the stock was sold to customers of the plaintiff. The stock was not delivered to the plaintiff, but remained in the custody of the defendant, and was delivered to customers to whom the plaintiff sold the stock. The basis of the action is that the defendant did not turn over to the plaintiff the profits realized from the sale of the stock. There was no conversion of the stock, since it was delivered by the defendant to customers of the plaintiff to whom it had been sold, which was in accordance with the agreement between the parties. The complaint alleges that when the plaintiff sold the stock, he would notify the defendant of the persons who had purchased it, and

the c ... .l the stock direct to the purchasers, accompani ... .e sale price. The cause of action is based upo: ... the profits from the sales, and not upon con: ... .. It is an ordinary action on contract, and, as : ... discharged in bankruptcy, since it would no: ... anguage of the Bankruptcy Act as a " willful an ... to the property of another." (*Wood* v. *Fisk*, 21 ... *r* v. *Doran*, 167 App. Div. 259; *Niles* v. *Havens*, 1(. ... allegations that the defendant had " willfully, wrongfully a.... .lawfully detained, converted, embezzled and appropriated the said sum of money to his own use," is a conclusion and is not consistent with the statement of facts contained in the complaint. It was admitted on the argument that the claim, upon which the action is based, was filed in the banruptcy court and that the defendant was adjudged a bankrupt, so that the only question is whether or not the claim had been discharged in bankruptcy.

Motion granted and complaint dismissed, with costs.

So ordered.