UNITED STATES RUBBER COMPANY, Plaintiff, *v.* MILWOOD LAUNDRY SERVICE CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, January 12, 1932.

*Hilbert L. Treachman,* for the plaintiff.

*Brenner & Baer,* for the defendant.

LEWIS, DAVID C., J.   On the 24th of June, 1931, the plaintiff herein recovered and entered a judgment against Philip Latish in the Municipal Court for the sum of $583.65.

On September 17, 1931, an order directing the issuance of an

execution against the wages and earnings of the said Latish, due and owing to him from his employer, the Milwood Laundry Service Co., Inc., was duly made, and on the 18th day of September, 1931, said garnishee was duly issued and served upon the said Milwood Laundry Service Co., Inc., which retained and paid to the plaintiff herein ten per cent of the earnings of said Philip Latish up to and including the 15th day of April, 1932.

On April 15, 1932, the said Philip Latish was duly adjudicated a bankrupt upon the filing of his voluntary petition in bankruptcy in the United States District Court for the Eastern District of New York.

On August 22, 1932, the plaintiff herein instituted this action against the Milwood Laundry Service Co., Inc., to recover fifty-four dollars, representing ten per cent of the earnings of said Latish for eighteen weeks, subsequent to the 15th of April, 1932.

The defendant, in its answer, pleaded the filing of the petition, the adjudication, and that the claim of the plaintiff was duly scheduled in the said bankruptcy proceedings.

On September 9, 1932, the plaintiff's motion herein for summary judgment was granted, the court, apparently, holding, as a matter of law, that the facts pleaded did not constitute a defense. Consequently, judgment was rendered against this defendant on September 22, 1932.

On November 11, 1932, Philip Latish duly procured his discharge in United States District Court.

On November 19, 1932, the plaintiff herein caused an execution to be issued on the said judgment against the Milwood Laundry Service Co., Inc., to a city marshal, who thereupon proceeded to levy against the property of this defendant. The Milwood Laundry Service Co., Inc., has retained the said ten per cent from the earnings of said Latish for the period subsequent to the 15th day of April, 1932, but (pending the bankrupt's discharge) has refused to pay the same to this plaintiff.

Philip Latish now moves in this action:

1. To perpetually stay the plaintiff from taking any further steps to enforce the collection of said judgment against the defendant on the 22d of September, 1932.

2. To permit the defendant herein to pay over to the said Philip Latish the sums deducted and retained by it from his earnings, pursuant to the said garnishee order, and which accrued subsequent to the 15th day of April, 1932.

The plaintiff opposed this application on the law.

At the outset the defendant contests the right of Philip Latish to move in this action.

The movant, although not a formal party to this action, is the most vitally interested party to the controversy. It is over his earnings that the entire controversy has been waged.

I do not think that justice is so short-sighted or her vision so blurred by technicality that she must look upon the matter of procedure in the same light as substantive law or admitted fact. And where, as here, there is no dispute about the facts, standards of justice call for a final determination of a controversy without unnecessary formalities, particularly if it expedites substantial justice.

Here I take it the rule should be: " It can make no difference in the principles which should govern such distribution as to whether the facts upon which it is based appear to the court by affidavit and upon a motion, or through the medium of evidence and findings of the court upon a trial of an action between the parties interested." (*Woodruff* v. *Erie R. R. Co.*, 93 N. Y. 609, at p. 620.) (See, also, *Klasko Finance Corp.* v. *Bellelair Hotel Corp.*, 257 id. 1.)

I am inclined, therefore, to the belief that the right of Philip Latish to move in this action cannot be successfully challenged.

What is the legal status of the plaintiff's case?

In pyramided sequence, judgment is rendered on the debt; garnishee execution is issued on the judgment; action is brought on the execution. Thus, the entire case rests on the foundation consisting of the original debt from Latish to this plaintiff.

Whatever claim the plaintiff possessed against this defendant came from that judgment against Latish. And the remedies the plaintiff pursued rested on that judgment. That this plaintiff had a right to proceed against this defendant no one questions. But its proceedings were contingent upon the action of the Federal court in the bankruptcy proceedings. That court enjoyed exclusive jurisdiction. (*Etna Casualty, etc., Co.* v. *Tramley, Inc.*, 260 N. Y. 280.)

Its decree of discharge would vitiate any advantage in position the plaintiff might have gained between the date of adjudication and the date of discharge.

This plaintiff does not pretend ignorance, nor can it pose as an innocent sufferer. It proceeded with full knowledge and in the face of an answer, pleading these very matters.

Nor does the fact that the bankrupt did not have any right to vacate the garnishee prior to his discharge in bankruptcy (*Maas* v. *Kahn*, 130 App. Div. 68) deprive him of the full benefit of his discharge.

Latish's adjudication as a bankrupt did not release him from his debt to this plaintiff; and it did not constitute a defense to the

plaintiff's cause of action. (*Monroe* v. *Upton*, 50 N. Y. 593; *Clark* v. *Rowling*, 3 id. 216.)

But upon his discharge in bankruptcy, Latish, released from the debt, could seek the vacation of the garnishee, and plead these facts as a defense to the plaintiff's cause of action.

Retention by the employer of ten per cent of the employee's earnings, pending the employee's discharge in bankruptcy, is not inconsistent with the principles or policy of the Bankruptcy Law. (*Jefferson Transfer Co.* v. *Hull*, 40 A. B. R. 844.)

It is the payment of the ten per cent in satisfaction of a discharged debt (necessarily after the discharge in bankruptcy) that works an anomaly.

Nor is the present situation to be confused with the case involving a lien procured by a creditor upon property of a bankrupt before the filing of the petition. There a different problem is found.

That the bankrupt may have sought a stay and thereby avoided complications may well be. His failure to do so I do not consider as fatal to his rights.

The case of *Maas* v. *Kahn* (*supra*) is of limited application. It does not appear ever to have been the subject of comment or citation. It was decided before the ruling in *Brenen v. Dahlstrom, etc., Co.* (189 App. Div. 685).

After the discharge, neither debt nor judgment could be enforced against Latish. The discharge in bankruptcy discharged the original debt. (*Leo* v. *Joseph*, 9 N. Y. Supp. 612.)

A different problem might arise had the plaintiff received or secured the actual payment. That is not the situation.

The present Municipal Court Code specifically empowers the court to grant stays, and the limitation of five days found in the old act is absent from the present Code, excepting, of course, the limitation in summary proceedings, which stands by itself. (See Mun. Ct. Code, § 6, subd. 3; § 131, subd. 3.)

The following disposition is, therefore, made of this application: Leave is granted to Philip Latish to intervene, and he hereby is made a party to this action (*Meyer* v. *Title Guar. & Trust Co.*, 228 App. Div. 641), leave being granted to him to set up the defense of the bankruptcy proceedings and the discharge of the debt or claim of this plaintiff.

The judgment heretofore rendered herein is vacated, and further proceedings upon the garnishee execution are stayed for a period of thirty days next succeeding the expiration of one year from the time of the said discharge of Philip Latish, as a bankrupt, from his debts. Proper application may be made for the cancellation of the judgment of the plaintiff herein against Philip Latish.

Settle order on two days' notice.