Samuel Weinstein, Plaintiff, *v.* Harry W. Strubble, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, January 14, 1932.

*Benjamin W. Burger*, for the plaintiff.

*Harry J. Levine*, for the defendant.

Lewis, David C., J.   On or about the 7th of May, 1925, pursuant to an order duly entered in this court, an execution against the wages, debts, earnings and salary of the defendant, based upon a judgment duly entered in this court, was duly issued out of this court directed to and served upon the comptroller of the city of New York.

On or about May 8, 1930, the defendant filed a voluntary petition in bankruptcy in the office of the clerk of the United States District Court, Southern District of New York.   It does not appear to be disputed that the judgment here involved was duly scheduled and that this plaintiff was duly listed as a creditor in said bankruptcy.

On the 15th of May, 1930, an order staying the comptroller from paying over the ten per cent deducted from deponent's wages was filed with him.

On the 3d day of December, 1931, an order was duly entered in the said United States District Court for the Southern District of New York granting the application of the defendant for his discharge and he was thereupon duly discharged from all debts and claims provable against his estate, which, of course, included this judgment.

The defendant now moves to vacate the order of Mr. Justice R. Davies, dated the 7th of May, 1925, directing the issuance of

an execution against the wages of this defendant. Whatever uncertainty there may have at one time existed in this jurisdiction, has been set at rest by the ruling of our Appellate Division; a ruling which, by the way, reversed its prior holding, " It has been distinctly held by the Federal courts that subdivision f of section 67 of the Bankruptcy Act (30 U. S. Stat. at Large, 565)* applies to executions issued under section 1391 of the Code of Civil Procedure,† and that the debtor's discharge in bankruptcy frees the bankrupt's salary from the effects of such execution, in so far as payments subsequent to the date of adjudication are concerned. (*Matter of Ludeke,* 22 Am. Bank. Rep. 467; *Matter of Sims,* 23 id. 899; *Matter of Harrington,* 29 id. 666; *Matter of Obergfoll,* 38 id. 645; *Matter of Beck,* Id. 797.) The Bankruptcy Act having been passed by Congress pursuant to the power delegated to it by the Federal Constitution (Art. 1, § 8, subd. 4) is the supreme law of the land. Its provisions are paramount to any State statute and we have always recognized and followed the decisions of the Federal courts construing it dealing with questions arising under that act even if they are in conflict with our own decisions." (*Brenen* v. *Dahlstrom M. D. Co.,* 189 App. Div. 685, at p. 688.)

The *Brenen* opinion of our Appellate Division has been cited and approved in decisions of the Federal courts.

The court cannot understand why counsel did not submit the Appellate Division citation, which is so conclusive on this question; for the limited facilities in this court impede its work in examining questions of law.

And appreciating the comment of the Appellate Division, in reversing its former holding, " No decision of the United States courts construing the effect of the National Bankruptcy Act was cited by counsel or considered by the court," one is constrained to again confess the inadequate library facilities maintained in this court; lacking as they do necessary and complete tables of citations, reports and reference books — a condition that not only adds unnecessary hardships but invites error.

This expression is ventured in the hope that others interested in the administration of justice lend their efforts to eliminate this condition.

---

* See, also, U. S. Code, tit. 11, § 107.— [REP.    † Now Civ. Prac. Act, § 684.— [REP.