In the Matter of the Application of IRVING TRUST COMPANY, as Trustee of the Bankrupt Estate of WILLIAM A. LEVY, Appellant, Respondent, for the Issuance of an Execution under Section 684 of the Civil Practice Act of the State of New York against the Income from Certain Trust Funds of Said WILLIAM A. LEVY in the Hands of CENTRAL HANOVER BANK AND TRUST COMPANY and Another, Trustees under the Last Will and Testament of ARTHUR LEVY, Deceased, and in the Hands of CENTRAL BANK AND TRUST COMPANY and Another, Trustees under the Last Will and Testament of MINNIE LEVY, Deceased, and Funds to Come into Their Hands under Said Wills, Respondents.

WILLIAM A. LEVY, Respondent, Appellant. (Consolidated Appeals.)

First Department, November 9, 1934.

*Julius M. Arnstein* of counsel [*Joseph Dannenberg*, attorney], for the appellant Irving Trust Company, trustee of the bankrupt estate of William A. Levy.

*David L. Charal* of counsel [*Alexander S. Natanson* and *Samuel L. Scholer* with him on the brief; *Natanson, Rabin, Pack & Abrams*, attorneys], for the respondent, appellant.

*T. R. Iserman* of counsel [*Larkin, Rathbone & Perry*, attorneys], for the respondent Central Hanover Bank and Trust Company.

GLENNON, J. The respondent, appellant, William A. Levy, is the beneficiary of two trusts created by two separate wills. Each

of the trusts directs the trustees to pay the income to Levy during his lifetime. The right to receive the income is the sole and only beneficial interest of Levy in the trusts.

On December 2, 1933, he filed a petition in bankruptcy, and was on that day adjudicated a bankrupt. The United States District Court discharged him from all debts and claims provable against his estate on February 21, 1934.

The trustee in bankruptcy, Irving Trust Company, on March 9, 1934, made an application for an order directing the issuance of an execution against the income of the trust funds pursuant to section 684 of the Civil Practice Act.

It is the claim of the trustee in bankruptcy that it is entitled to garnishee the funds payable to Levy by the trustees until such time as there is collected a sum equal to the claims filed and proved in the bankruptcy court, together with such sum as is required to pay the administration expenses of the bankrupt estate, including compensation of the trustee in bankruptcy and its attorney.

The decision of the court at Special Term directed the issuance of a garnishee execution upon the income of the trust funds up to the date of the discharge in bankruptcy, that is, February 21, 1934. The motion of the trustee in bankruptcy, in so far as it sought to garnishee funds coming into the hands of the trustees subsequent to the date of discharge in bankruptcy, was denied. Both parties have appealed from the order.

The respondent, appellant, Levy, contends that under a decision of this court, as well as under the uniform ruling of the Federal courts, a discharge in bankruptcy relates back to the date of the adjudication. The point is well taken. Mr. Justice PAGE, in *Brenen* v. *Dahlstrom Metallic Door Co.* (189 App. Div. 685), wrote: " It has been distinctly held by the Federal courts that subdivision f of section 67 of the Bankruptcy Act (30 U. S. Stat. at Large, 565) applies to executions issued under section 1391 of the Code of Civil Procedure, and that the debtor's discharge in bankruptcy frees the bankrupt's salary from the effects of such execution, in so far as payments subsequent to the date of the adjudication are concerned. (*Matter of Ludeke*, 22 Am. Bank. Rep. 467; *Matter of Sims*, 23 id. 899; *Matter of Harrington*, 29 id. 666; *Matter of Obergfoll*, 38 id. 645; *Matter of Beck*, Id. 797.) "

An examination of the Federal authorities relied upon, as well as the more recent cases, demonstrates that this rule is now absolute. Consequently, the court at Special Term erred in directing the issuance of an execution upon the funds up to the date of the discharge in bankruptcy.

The order appealed from should be modified to the extent indicated, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant William A. Levy.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with twenty dollars costs and disbursements to the appellant William A. Levy. Settle order on notice.