Samuel Korb, Respondent, v. Brooklyn Edison Company, Inc., Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

Abram Babcock, Respondent, v. John Ryan and Margaret R. Ryan, Appellants.— In an action for damages for personal injuries, defendants appeal from a judgment for plaintiff, entered on a jury verdict. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

Colonial Discount Co., Inc., Respondent, v. Frederick Mervin Miller, Appellant.— Order denying the judgment debtor's motion to vacate an order dated May 14, 1938, directing the issuance of a garnishee execution and directing the sheriff of Kings county or H. C. Bohack & Company, Inc., or both, to pay to him fifty-four dollars, collected pursuant to the order, modified by striking out all the ordering paragraphs, except the last two, and adding a provision that the judgment creditor is entitled to the nineteen dollars collected by the sheriff under the execution, and the judgment debtor is entitled to the thirty-five dollars deducted by H. C. Bohack & Company, Inc., from his wages. As so modified, the order is affirmed, without costs. While a discharge in bankruptcy frees the wages of the bankrupt earned subsequent to the adjudication from the effect of a garnishee execution, in the instant case the sheriff, subsequent to the adjudication, collected moneys under an execution which was valid and enforceable, as it had not been modified and the sheriff had not been stayed. Those moneys, amounting to nineteen dollars, belong to the judgment creditor. (Ulner v. Doran, 167 App. Div. 259, 262.) The moneys, amounting to thirty-five dollars, deducted from the judgment debtor's wages by H. C. Bohack & Company, Inc., his employer, but not collected by the sheriff, belong to the judgment debtor. (Brenen v. Dahlstrom Metallic Door Co., 189 App. Div. 685.) Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

Morris Coopersmith, Appellant, Respondent, v. Riverhead Savings Bank, Respondent, Appellant.— Action for balance alleged to be due under a contract of employment and for extra work and disbursements incident thereto. Order on reargument, as resettled, granting defendant's motion to change the venue from Queens county to Suffolk county and denying plaintiff's cross-motion to retain the case in Queens county on the ground of convenience of witnesses, reversed on the law and the facts, with ten dollars costs and disbursements, defendant's motion denied and plaintiff's motion granted, without costs. The plaintiff's original affidavits on his cross-motion, when read in connection with the affidavits submitted on the renewal of the motion granted by the Special Term, substantially comply with the requirements of motions to determine the proper place of trial of actions in respect of convenience of witnesses. Plaintiff's appeal from order on reargument dismissed. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.