GEORGE E. GUAY, Respondent, *v.* WILDE-WINKWORTH OIL COR-
PORATION, Appellant.

County Court, Chautauqua County, July 22, 1940.

*Winthrop N. Bogue,* for the appellant.

*Dean Warner White* and *Carl E. Darling,* for the respondent.

OTTAWAY, J.   The facts in the case before us are not in dispute.
On January 21, 1933, George E. Guay secured a judgment against
Myron C. Baker in the City Court of Dunkirk, N. Y.   On Septem-
ber 29, 1933, a garnishee execution was issued in that court against
Baker.   Later, Baker was employed by this defendant, the Wilde-
Winkworth Oil Corporation, and, the first garnishee execution
having been returned only partly satisfied, a new execution against
wages was secured from the City Court of Dunkirk.

This second execution was issued November 6, 1937.   Baker has
continued to work for this defendant since that date and no order
has been sought or made to vacate or modify the garnishee execution.

On December 30, 1937, Baker was duly adjudicated a bankrupt
and on February 17, 1939, was duly discharged in bankruptcy by
the United States District Court for the Western District of New
York.   The claim and judgment of this plaintiff was duly listed in
the schedule of debts filed on behalf of Baker and was again included
and covered by the proceeding for Baker's discharge in bankruptcy.

After Baker was adjudicated a bankrupt, his employer, this
defendant, paid all sums then due on the garnishee execution, such
payment covering the whole period up to the date of the adjudica-
tion in bankruptcy.   Since that time the employer has made no

deductions from salary. Suit is brought by George E. Guay relying on the provisions of subdivision 3 of section 684 of the Civil Practice Act, which provides that an employer to whom a garnishee execution has been duly presented who shall fail or refuse to pay over the percentage of wages under the terms of the execution " shall be liable to an action therefor by the judgment creditor named in such execution."

The court below gave judgment in favor of the plaintiff against the employer and from that judgment the employer appeals.

It is at once apparent that had any interested party made appropriate application to modify the garnishee execution or had application been made at the end of a year from the date of discharge to cancel the judgment of record (Debtor and Creditor Law, § 150), such motions must have been granted. Undoubtedly the best practice would have dictated that these applications be duly and appropriately made. Such procedure would have given effect to the order of the Federal court granting Baker a discharge from all his debts including this judgment. However, these applications were not made. Is the Federal District Court order for discharge any the less effective in relieving Baker from the payment of his debts by reason of this failure to take some appropriate action in State court? In our opinion the correct answer is in the negative.

The order for discharge of debts is not predicated on further procedure elsewhere. It does not provide that Baker be relieved of payment at some time in the future if and when he secure some further order in State courts. It provides such relief immediately and unconditionally. That order of the Federal court is the law of the land and we must give it effect here.

So far as wages that have been earned at the time of adjudication in bankruptcy are concerned, the State court by its garnishee process has secured control. But when Baker was adjudicated a bankrupt and such proceedings carried on to his discharge, his obligation to pay was ended. It is not material that such obligation to pay had been reduced to judgment in the State courts and was there subject to direction in the form of an execution against wages. This practice relates to payments already made but it cannot be held to carry on. It cannot create a future or continuing obligation to pay which will survive release in bankruptcy. It follows that this judgment must be reversed.

There is another view of this proposition which leads to the same conclusion. Plaintiff, at the time of bringing this present action, was no longer a judgment creditor of Baker's. The original debt resulting in judgment in favor of Guay against Baker had been discharged. When it is said in subdivision 3 of section 684 of the

Civil Practice Act that the employer is liable in an action to be brought by the person named in such execution as *judgment creditor*, it does not mean just one who was originally in the position of judgment creditor. For instance, such action could not be brought by an original judgment creditor who had assigned his right to another; nor one against whom a judgment of reversal had been granted on appeal. This language means one who is truly a judgment creditor at the time and not one who only carries the empty shell of that title and is such in name only.

It follows that after the discharge of the claim of plaintiff in bankruptcy he may not bring a *new action* to recover on it. This present action stems back to plaintiff's original claim and judgment. If that claim has been paid, or assigned, or discharged, the courts will not entertain a new action to enforce that right which he once possessed but which has since been lost.

In the case before us, no sums were paid so we have no problem of disposing of items which were collected and concerning which title should now be determined. We here hold that the plaintiff may not bring a new action to enforce a claim now dead by reason of discharge in bankruptcy.

It has also been urged that it is important to here consider whether the judgment (as distinguished from the debt) has been discharged. Section 150 of the Debtor and Creditor Law provides that at any time after one year from the discharge in bankruptcy, the debtor may apply to the court to have the judgment discharged of record. This procedure relates to clearing the record and particularly to the effect of the lien of a judgment on real property. The section, however, specifically provides that in all other respects (save as to lien on real property) the judgment shall be of no force or validity. It follows that the judgment is unenforcible (except as to its lien on real property), and it is immaterial here to consider whether or not the appropriate proceeding to discharge this judgment of record has been conducted.

The cases referred to in the briefs seem, when carefully considered, not seriously in conflict with these views.

In *Friedman* v. *Gibbons* (101 Misc. 356) a motion was made to vacate the garnishee order after the discharge of the defendant in bankruptcy. The court directed that this order be modified to provide for payment to the defendant of all moneys collected *since the adjudication in bankruptcy*. We agree that the correct result was reached.

In *Taylor* v. *Buser* (167 N. Y. Supp. 887) the court was dealing with a judgment recovered on a claim for assault and battery. Such claim and such judgment are not dischargeable in bankruptcy.

The case cannot be considered an authority in a proceeding dealing with a dischargeable debt.

The case principally relied upon by the defendant is *Ulner* v. *Doran* (167 App. Div. 259). However, even this case does not seem decisive of the problem before us. In the opinion of SCOTT, J., is found the following: " The true rule is that as to earnings which become due after the discharge in bankruptcy there remains no indebtedness to be satisfied." The appellate court was here passing upon the refusal of the justice at Special Term to modify a garnishee execution after discharge in bankruptcy. That Special Term order was modified by the Appellate Division so " as to limit the collection to be made under the execution to *those made* [payments made] prior to the date of the order appealed from."

This is another way of saying that what was already collected prior to the application to modify may be kept, but it is far from saying that a new action may be brought to recover amounts not deducted. The case contains language which has been troublesome and it has, at times, been quoted in support of the proposition that a garnishee execution effectively continues a lien on wages even after bankruptcy until modified by the court in which it was granted. This view of the law as it is supposed to be pronounced in the *Ulner* case has been frequently criticised.

For the reasons above stated, the *Ulner* case is not at variance with the conclusions we have here reached because in the case before us no collections on this execution have been made subsequent to the adjudication in bankruptcy. There is, however, serious doubt as to whether the general statement that these executions are valid and enforcible for any purpose after bankruptcy is a sound principle of law.

The principle so expressed in the *Ulner* case has now been discarded although it was followed in a very brief opinion in *Rosen* v. *Wygand* (174 N. Y. Supp. 672), which, by the way, was a case decided by the Appellate Term in the First Department a few months before *Brenen* v. *Dahlstrom Metallic Door Co.* (189 App. Div. 685) (further referred to below).

The defendant relies almost entirely upon the case of *Brenen* v. *Dahlstrom Metallic Door Co.* So far as its principles can be applied to the case before us, we believe it to be sound law. This case (*Brenen* v. *Dahlstrom Metallic Door Co.*) may be regarded as a reversal or at least a restatement of the basic position as to the continuation of orders of the State courts after discharge in bankruptcy as stated in the *Ulner* case. In reference to that decision, the court said: " that decision [the *Ulner* case] was based upon the statutes of this State. No decision of the United States courts

construing the effect of the National Bankruptcy Act was cited by counsel or considered by the court." The action (*Brenen* v. *Dahlstrom Metallic Door Co.*) was brought to recover from the employer for amounts not deducted under a garnishee order. The lower court granted judgment to the plaintiff on the pleadings. The Appellate Division found the defense of discharge in bankruptcy to be good and reversed the judgment. Mr. Justice PAGE, in reviewing the law on this subject, said: " It has been distinctly held by the Federal courts ·* * * that the debtor's discharge in bankruptcy frees the bankrupt's salary from the effects of such execution [garnishee] in so far as payments subsequent to the date of the adjudication are concerned. [Citing cases.] The Bankruptcy Act * * * is the supreme law of the land. Its provisions are paramount to any State statute." This case seems decisive of the proposition before us.

This view of the law is confirmed in *Matter of Irving Trust Co.* (242 App. Div. 383; revd., 267 N. Y. 102). Here, an order was granted for a garnishee execution against the income from a trust fund, such to continue to the date of the discharge in bankruptcy of the beneficiary. On appeal the Appellate Division (242 App. Div. 383) apparently passed only on the question of how long this order should continue. Confirmation was given to the view of Mr. Justice PAGE in *Brenen* v. *Dahlstrom Metallic Door Co.* and the court found that the discharge in bankruptcy related back to the date of the adjudication and hence no authority existed to reach the income of the trust after that date.

This case was carried to the Court of Appeals, and that court (267 N. Y. 102), Judge HUBBS presenting the opinion, held that in these cases a clear distinction is to be drawn between income from trust funds and wages: " The one is the product of an asset in existence at the date of the adjudication, the other [wages] the product of subsequent effort of the bankrupt." The Court of Appeals reversed the lower court's decision, but in doing so approved the position taken therein by respondents, and the cases cited which, the court said, " sustain the proposition that a *discharge frees the salary of a bankrupt earned subsequent to the adjudication.*"

From this it seems clear that the law is now well established as stated in the above quotation and that a garnishee execution has no validity and is not enforcible against wages after an adjudication in bankruptcy.

Judgment should be reversed and the complaint dismissed, with costs to the appellant in the amount of fifteen dollars and appellant's disbursements to be taxed by the clerk. Order in accordance herewith may be presented for signature.