In the Matter of E. B. SALISBURY & SONS, INC., Judgment Creditor, against JOHN J. BOOTIER, Judgment Debtor.

County Court, Schenectady County, June 22, 1943.

*J. Franklin Kilmer* for judgment debtor.

*Elmer E. Brandhorst* for judgment creditor.

LIDDLE, J. The facts upon this motion are not in dispute. On June 22, 1936, a judgment was docketed in the City Court of Schenectady against John Joseph Bootier, judgment debtor herein, and in favor of E. B. Salisbury & Sons, Inc., judgment creditor, in the amount of $101.65. A transcript was filed in the Schenectady County Clerk's office on March 27, 1943, seven years thereafter. No execution was issued out of the County Court, although it appears that on September 28, 1939, a garnishee execution was issued out of the City Court and returned wholly unsatisfied.

On May 26, 1942, Bootier, judgment debtor, was duly adjudged a bankrupt in the District Court of the United States for the

Northern District of New York, and on August 17, 1942, was duly discharged in bankruptcy. The claim and judgment of this judgment creditor was duly listed in the schedule of the debts filed on behalf of Bootier and was again included in the proceedings for Bootier's discharge in bankruptcy.

On March 31, 1943, almost seven years after the entry of the judgment in City Court and after the transcript had been filed in the Schenectady County Clerk's office, Honorable JOHN ALEXANDER, Justice of the Supreme Court, acting in the absence of the Schenectady County Judge, pursuant to section 73-a of the Civil Practice Act, ordered that a garnishee execution issue against the wages of the judgment debtor herein, which execution was filed by the Sheriff of the County of Schenectady with the judgment debtor's employer, the American Locomotive Company.

Counsel for the judgment debtor now moves that the garnishee execution be vacated for the reason that the bankruptcy proceeding discharges the original debt, pursuant to the Federal Bankruptcy Act (U. S. Code, tit. 11) and to expunge the judgment from the record of this court and to declare the garnishee execution void.

Counsel for judgment creditor, E. B. Salisbury & Sons, Inc., relies on the provisions of section 150 of the Debtor and Creditor Law and urges that the court had jurisdiction to grant the order of garnishee execution for the reason that this judgment cannot be discharged in the State courts until one year after his discharge in bankruptcy.

Under the uniform ruling of the Federal courts, a discharge in bankruptcy relates back to the date of the adjudication. The Bankruptcy Act, having been passed by Congress, is the supreme law of the land. Its provisions are paramount to any State statute and the courts have always recognized and followed the decisions of the Federal courts construing it, dealing with questions arising under that Act. (*Brenen* v. *Dahlstrom Metallic Door Co.*, 189 App. Div. 685.)

It is well established that a garnishee execution has no validity and is not enforcible against wages after an adjudication and discharge in bankruptcy. (*Guay* v. *Wilde-Winkworth Oil Corp.*, 174 Misc. 580.)

However, pursuant to section 150 of the Debtor and Creditor Law, the bankrupt is not entitled to a discharge or the expunging of this judgment from the records of the State courts until and after one year has elapsed since the bankrupt was discharged from his debts. This is a statutory remedy enacted

for the benefit of the judgment debtor and must be specifically complied with.

However, inasmuch as the Bankruptcy Act discharges and cancels the original debt and accordingly the judgment, the judgment debtor is entitled to immediate relief and accordingly is entitled, as a matter of right, to an immediate and adequate remedy in the State courts. The bankrupt may forthwith apply to the State court, which has jurisdiction over the judgment, to have the garnishee execution modified, calling attention to his discharge, and on such application the court would decide whether the claim represented by the judgment was one of the claims not affected by the discharge in bankruptcy, as provided in section 17 of the Bankruptcy Act. (U. S. Code, tit. 11, § 35; *Matter of Stoller*, 25 F. Supp. 226.)

It further appears in the moving papers that this judgment was entered more than five years last past. No valid execution was issued within five years after the entry of the judgment and accordingly no execution was returned, either wholly or partially unsatisfied. Neither was there an application to this or any other court for leave to issue an execution in compliance with section 653 of the Civil Practice Act. Had this procedure been followed, this application for a garnishee execution might well have been denied. It follows that at the date of the granting of the order of this garnishee execution the original debt had been discharged and the judgment creditor had been relieved of his statutory liability to pay or become liable to pay the judgment. The garnishee execution was therefore void and must be vacated and set aside.

I am of the opinion that the order granting the execution was void and a nullity. The garnishee execution as filed must be vacated and set aside and all monies collected thereon from the American Locomotive Company are hereby ordered to be returned to the judgment debtor, together with costs of this motion.

Submit order accordingly.