REFRIGERATION & AIR CONDITIONING INSTITUTE, Plaintiff, *v.*
GAETANO J. IMPERATO, JR., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, May 15, 1946.

*William Rosen* for defendant.
*Reuben S. Levins* for plaintiff.

SCHWEITZER, J. The facts in this instant case are as follows: The plaintiff procured a judgment against the defendant on January 29, 1941. A garnishee order pursuant to the provisions of section 684 of the Civil Practice Act was duly entered on September 7, 1945. Thereafter and on September 27, 1945, the defendant filed a petition and schedules in bankruptcy in the United States District Court for the Eastern District of New York and the defendant was duly adjudicated a bankrupt on that day. It is not disputed that the judgment here involved was duly scheduled and that this plaintiff was duly listed as a creditor in said bankruptcy proceedings. On February 11, 1946, defendant was duly discharged from all of his debts which, of course, included this judgment.

The present application is presented by the defendant for dual relief; first, for an order canceling and discharging the judgment of record; and second, for an order vacating the garnishee order directed against his salary and directing the employer to return to the defendant all moneys deducted from his earnings since September 27, 1945, the date of the defendant's adjudication in bankruptcy. These deductions are presently held by the employer.

It should be added that there has been submitted with the moving papers and made a part thereof, a copy of an order of the United States District Court, dated October 3, 1945, which in effect stayed the plaintiff, its attorneys, agents and representatives from taking any steps to collect the judgment, but the proof of service indicates that it was served only on the employer. However, the issuance of the stay order and the service thereof on the employer is merely an additional factor in the instant case and has no bearing on this court's ultimate decision.

With respect to defendant's application for an order vacating the judgment and directing that it be cancelled and discharged of record, that relief is denied without prejudice to a renewal thereof after the expiration of one year from the date of the defendant's discharge in bankruptcy. The present application is patently premature since the statute expressly permits the relief " At any time after one year has elapsed since a bankrupt was discharged ". (Debtor and Creditor Law, § 150.)

The other portion of the defendant's application must of necessity receive the court's favorable consideration. The plaintiff resists the granting of this relief, contending that all moneys deducted by the employer subsequent to the date of adjudication, in the absence of an order vacating the garnishee

order or the service of a stay order on the attorney for the judgment creditor and the collecting marshal, properly belong to the judgment creditor. For judicial support he cites the following cases: *Ulner* v. *Doran* (167 App. Div. 259) and *Porcella* v. *Kramrisch* (59 N. Y. S. 2d 349).

In view of the uncertainty created by the *Ulner* v. *Doran* case (*supra*), this court feels that it would be appropriate to review the authorities pertinent to the issues. A study of the Federal cases reveals that a defendant's discharge in bankruptcy frees his wages from the effects of the garnishee execution insofar as payments subsequent to the date of adjudication are concerned. (*In re Ludeke*, 171 F. 292; *In re Sims*, 176 F. 645; *In re Harrington*, 200 F. 1010; *In re Obergfoll*, 239 F. 850; *In re Beck*, 238 F. 653.) All of these cases hold that subdivision f of section 67 of the Bankruptcy Act of 1898 (U. S. Code [1934 ed.], tit. 11, § 107, subd. [f]) applies to executions issued pursuant to the provisions of section 684 of the Civil Practice Act, under which the present execution was issued.

The Bankruptcy Act, being an act of Congress, is the supreme law of the land. Its provisions take precedence over any State or local statute and supersede conflicting State laws. Our courts have uniformly considered the decisions of the Federal courts as binding and controlling upon issues arising under that Act. (*Brenen* v. *Dahlstrom Metallic Door Co.*, 189 App. Div. 685.) Applying the construction given by the Federal courts, this court holds that the debt having been extinguished, all moneys deducted subsequent to the date of the debtor's adjudication in bankruptcy and held by the employer, belong to the debtor and should be turned over to the debtor as the rightful owner. (*Brenen* v. *Dahlstrom Metallic Door Co., supra; Colonial Discount Co.* v. *Miller*, 257 App. Div. 969; *Guay* v. *Wilde-Winkworth Oil Corp.*, 174 Misc. 580; *Weinstein* v. *Strubble*, 142 Misc. 575; *Friedman* v. *Gibbons*, 101 Misc. 356.)

The doctrine of the *Ulner* v. *Doran* case (167 App. Div. 259, *supra*) relied upon by the plaintiff, has been discarded if not altogether reversed by the subsequent ruling of the Appellate Division of the First Department in the *Brenen* case (*supra*). The court there held that its prior ruling was based upon a construction of the statutes of this State without any consideration for the Federal cases construing the provisions of the National Bankruptcy Act. Its decision may in any event be limited in its application to moneys deducted by the employer subsequent to the date of adjudication and turned over either to the collecting sheriff or to the judgment creditor. As to those

moneys, our courts have held that in the absence of the service of an order staying the collecting officer and the judgment creditor, or of an order vacating or modifying the garnishee order, they properly are payable to the judgment creditor. (*Colonial Discount Co.* v. *Miller, supra; Guay* v. *Wilde-Winkworth Oil Corp., supra.*) In this most important aspect, the *Colonial* case (*supra*) is distinguishable from the case at bar since in the instant case all of the moneys deducted from the defendant's earnings are still in the hands of the employer. Insofar as the *Ulner* case (*supra*) has been advanced as propounding the principle that a garnishee effectively continues as a lien on wages even after an adjudication in bankruptcy or until modified by the court in which it was granted, this court expressly disapproves of the principle. That interpretation may be considered rejected by the subsequent ruling of the same court in the *Brenen* case (*supra*).

The plaintiff can find no legal consolation in the recent decision of *Porcella* v. *Kramrisch* (59 N. Y. S. 2d 349, *supra*). That case, predicated on the *Ulner* case (*supra*), is also distinguishable in that the court determined that a garnishee order in the absence of a vacatur or modification is effective even subsequent to the adjudication of the debtor in bankruptcy as to payments actually turned over by the employer to the judgment creditor. In the instant case, the employer still retains the deductions in question and nothing has been turned over to either the collecting marshal or the judgment creditor.

Nor can the failure of the defendant to serve the plaintiff or the marshal with the stay order affect the result. While the preferable procedure would have been for this defendant to have secured a stay and to have served all interested parties, viz., the attorney for the judgment creditor, the collecting marshal and the employer, yet, his failure to serve a stay and thus avoid unnecessary complications is not fatal to his present application. (*United States Rubber Co.* v. *Milwood L. Serv. Co., Inc.,* 146 Misc. 133.)

In the light of all the decisions, the court concludes that a garnishee execution has no validity and is not enforcible against wages after an adjudication in bankruptcy. This rule is limited in the light of the decisions to the moneys collected by the employer but not turned over to the collecting officer or the judgment creditor. Any other rule that would permit the enforcement of the remedy for the collection of a debt to survive the extinguishment of the debt itself, would be anomalous and contrary to good common sense.

The motion for reargument is granted and upon such reargument the court denies the defendant's application to cancel and discharge the judgment of record, but without prejudice to renewal thereof after one year has elapsed from the date of the defendant's final discharge in bankruptcy. The court further rules that the garnishee order heretofore secured on September 4, 1945, is vacated and holds that this defendant is entitled to the moneys deducted by the employer subsequent to September 27, 1945, and presently held by such employer. Submit proposed order on one day's notice.