Marcus Gr. Christ, J.
The judgment debtor, adjudicated a bankrupt on or about April 16, 1957 applies for an order (1) directing the judgment creditors to repay to the judgment *109 debtor all moneys received from the Sheriff of Nassau County subsequent to the filing of the petition in bankruptcy, (2) directing the Sheriff of Nassau County to turn over to the judgment debtor all moneys now being held for the judgment creditor, (3) directing the Sheriff to account for all moneys received by him on behalf of the judgment creditor, and (4) staying the collection by the Sheriff of any further moneys under the garnishee order of June 22, 1956.
It appears from the movant’s, affidavit that a judgment was obtained against him in December, 1955, that a garnishee order against his wages was issued in June, 1956, that a petition in bankruptcy was filed by the movant in November, 1956 naming the Suffolk Plumbing Supply Corporation as a creditor, and that on April 16, 1957 he was declared a bankrupt.
On April 23, 1957 the Sheriff of Nassau County turned over to the judgment creditor the sum of $220.30 which had theretofore been collected from the movant’s employer under the garnishee order. Whether any part of that sum was collected from the employer after the adjudication of bankruptcy is not clear. There is no question, however, that no order of modification or stay has at any time been served upon the Sheriff. That being so, the movant is not entitled to a recovery of the money for 1‘ While a discharge in bankruptcy frees the wages of the bankrupt earned subsequent to the adjudication from the effect of a garnishee execution, in the instant case the sheriff, subsequent to the adjudication, collected moneys under an execution which was valid and enforceable, as it had not been modified and the sheriff had not been stayed. Those moneys, amounting to nineteen dollars, belong to the judgment creditor. (Ulner v. Doran, 167 App. Div. 259, 262.) ” (Colonial Discount Co. v. Miller, 257 App. Div. 969; see, also, Refrigeration & Air Conditioning Inst. v. Imperato, 187 Misc. 405.)
Accordingly, the motion is denied except as to the stay of any further collections which is granted.
Settle order on notice.