J. Irwin Shapiro, J.
The defendant Sauer moves to vacate the garnishee order obtained hy the plaintiff and to discharge the judgment against him in the sum of $42,230.50 entered in the office of the Clerk of Queens County on June 28,1957. He claims that he was adjudged a bankrupt on March 14, 1958 in the United States District Court for the Eastern District of New York, and thereby said judgment scheduled in such bankruptcy proceeding has been duly discharged. (Bankruptcy Act, § 17; U. S. Code, tit. 11, § 35.)
This motion must be denied at the threshold as premature so far as the judgment is concerned, without prejudice to renewal after the expiration of one year from the date of the defendant’s discharge in bankruptcy. Section 150 of the Debtor and Creditor Law of this State expressly permits relief “ At any time after one year has elapsed since a bankrupt was discharged ’ ’. Inasmuch as this defendant was discharged in bankruptcy less than one year ago, there is no jurisdiction to entertain the motion to vacate the judgment, although there is jurisdiction — if the facts warrant — to vacate the garnishee on the defendant’s wages. *581 (Refrigeration & Air Conditioning Inst. v. Imperato, 187 Misc. 405; see, also, Suffolk Plumbing Supply Corp. v. Kaider, 9 Misc 2d 108.)
The defendant listed this judgment in his schedule of liabilities in his voluntary bankruptcy proceedings, as follows: Leona Wilma Jud, 224-24-94th Avenue, Queens Village, L. I. for personal injuries sustained arising out of a motor vehicle accident. Judgment entered in the Supreme Court, Queens County, on June 28, 1957, in the sum of $42,230.50.”
The judgment creditor, who since her marriage is known as Lee Jud Mauro, swears in her answering affidavit that she never resided at 94th Avenue as listed in the foregoing schedule, but on 92nd Avenue, and that she never received any notice of the bankruptcy.
The moving defendant states in his reply affidavit that ‘ The address that I had for the plaintiff in a small address book, was listed as 224-24-94th Avenue, Queens Village, L. I. and it is this address that I put in Schedule A3 * * * opposite her name * * * [which] was the. only address I had for the plaintiff, and further, upon checking the telephone directory, I found no listing under her name in the Queens directory.” Where he obtained the foregoing address to place in his “ small address book ’ ’ the defendant does not reveal. The fact is that the original judgment in the filed paper in the action (Index No. 432-1956) notes the judgment creditor’s address at the time of the entry of the judgment on June 28, 1957 as “ 224-24 92 Av. Queens Village N. Y.” and not 94th Avenue ” as listed in the schedule (emphasis supplied).
The vacatur of a garnishee order by reason of the debtor’s discharge in bankruptcy is governed by the same rules as apply to the vacatur of judgments for like reason. The right to vacate depends upon the existence of two facts, (1) that the judgment is one upon which the discharge can operate and (2) that it was properly scheduled in the liabilities or that the creditor had actual notice or knowledge of the bankruptcy proceedings. (Graber v. Gault, 103 App. Div. 511.)
The creditor is the one to establish that the judgment is not one upon which the discharge in bankruptcy can operate (Kreitlein v. Ferger, 238 U. S. 21; New York Credit Men’s Assn. v. Miller, 17 N. Y. S. 2d 538). Since the plaintiff here has not questioned the dischargeability of the judgment herein, the court finds that it is dischargeable inasmuch as it does not represent a liability for “willful and malicious injuries to the person ” within the purview of section 17 (subd. [a], cl. [2]) of the Bank *582 ruptcy Act. The burden, however, rests upon the debtor to establish that the judgment was duly scheduled in the bankruptcy proceeding or that the creditor had actual notice or knowledge thereof in the bankruptcy court. (Graber v. Gault, supra; Weiner Fur Corp. v. Levy, 40 N. Y. S. 2d 344.)
The court is of the opinion that upon the papers before it the debtor herein has not met that burden. Obviously, the judgment was not properly scheduled when the wrong residence address of the creditor was furnished in Schedule A3 of the bankruptcy proceedings, and there is nothing in this record to belie or even raise a question of fact with respect to the categorical assertion of the plaintiff that she “ never received any notice of the bankruptcy, otherwise I would not have instructed my attorney to proceed with garnishee proceedings.” Accordingly, the motion to vacate the garnishee order is likewise denied.
Submit order.