James J. Conroy, J.
This is a motion by judgment debtors to vacate the restraining provisions pursuant to section 781 of the Civil Practice Act contained in a third-party subpoena served in connection with proceedings supplementary to judgment.
The judgment debtors argue that the individual judgment debtor’s employer was personally served with a subpoena containing the restraining provision for his examination as a third party in the supplementary proceedings on or about July 20, 1961, and, thereafter, on August 3, 1961, the individual judgment debtor filed a voluntary petition in bankruptcy and was duly adjudged a bankrupt on August 8, 1961, and, finally, on October 5, 1961, the discharge in bankruptcy was granted which, among other matters, discharged the judgment of the judgment creditor. The judgment debtors further argue that subsequent to the individual judgment debtor’s adjudication in bankruptcy on August 8,1961, certain sums of money came into the hands of his employer as earned commissions and that by reason of the restraining- provision in the third-party subpeena the employer cannot pay over such sums to the individual judgment debtor.
*922 The judgment creditor contends that the moneys in the hands of the individual judgment debtor’s employer were earned as commissions resulting from a sale that occurred several weeks prior to the individual judgment debtor’s filing of a petition in bankruptcy.
The issuance of a third-party subpoena with a restraining provision pursuant to section 781 of the Civil Practice Act in a proceeding supplementary to judgment gives rise to a lien. (Matter of Wickwire Spencer Steel Co. v. Kenkit Scientific Corp., 292 N. Y. 139.) Such liens acquired within four months before the filing of a petition in bankruptcy are deemed to be null and void “if at the time when such lien was obtained such person was insolvent ” (Bankruptcy Act, §67; U. S. Code, tit. 11, § 107, subd. [a], par. [1]).
Since the third-party subpoena was served only several weeks before the judgment debtor filed a voluntary petition in bankruptcy, the court will assume, absent any evidence to the contrary, that when the lien was obtained the judgment debtor was insolvent. (Matter of Manco Corp. v. Treman Mfg. Corp., 12 Misc 2d 109, 110.) In any event, a “ debtor’s discharge in bankruptcy frees the bankrupt’s salary, from the effects of * * * [an] execution, in so far as payments subsequent to the date of the adjudication are concerned.” (Brenen v. Dahlstrom Metallic Door Co., 189 App. Div. 685, 688; see, also, Weinstein v. Strubble, 142 Misc. 575; Kana v. Lenoble, 82 N. Y. S. 2d 259.)
In the case at bar, it is undenied that the individual judgment debtor’s commissions came into the hands of his employer after the judgment debtor was adjudged a bankrupt. These commissions are to be considered earnings which only became due after they were received by the individual judgment debtor’s employer. Under these circumstances, they should not be subject to the judgment creditor’s lien. Accordingly, the motion is in all respects granted.