In the Matter of the Application of WILLIAM J. DEMPSEY, Sheriff of the County of Richmond, Petitioner, against JOHN A. LYNCH Co., INC., Respondent.*

Supreme Court, Richmond County, May 9, 1940.

*Edward G. Baker, Counsel to the Sheriff,* for the petitioner.

*Bernstein & Ellis [Jerome O. Ellis of counsel],* for the respondent.

NORTON, J. This a motion for an order directing respondent to pay sheriff's poundage pursuant to subdivision 18 of section 1558 of the Civil Practice Act. The respondent commenced an action in the Supreme Court, Richmond County, against one Fendel and others for damages for alleged breach of contract. During the pendency of the action the respondent caused to be issued a warrant of attachment directed to the sheriff pursuant to which a levy was duly made upon the defendants' interest in

---

* Affd., 261 App. Div. 829.

certain real property. Thereafter judgment was entered in favor of the defendants in said action dismissing plaintiff's complaint. Thereupon, upon application of the defendants, the sheriff delivered over and released to the defendants the property so attached. The sheriff, petitioner herein, now asks for this order directing payment of poundage pursuant to said subdivision 18 of section 1558 of the Civil Practice Act. The respondent has refused payment of such poundage claiming that the attachment was " annulled " by reason of judgment having been entered in favor of the defendants in the above action and that section 1558 provides for the payment of poundage only in the event that a judgment is " vacated."

In my opinion, the term " vacated " as used in this section includes an " annulment " which results when an action, in which a warrant of attachment has been granted, terminates in a judgment for the defendant. (Civ. Prac. Act, § 7, subd. 4.) The words " annulled " and " vacated " are not technical words. There is nothing which prevents the identical idea conveyed by both from being expressed by the use of either of these words.

There appear to be no cases exactly in point, as both counsel agree, but in *Esselstyn* v. *Union Surety & Guaranty Co.* (82 App. Div. 474, 476), in discussing a statute similar in form and verbiage to the one involved on this application, the court stated that it was " designed to embrace both the case of an annulment of the writ because of invalidity, or for any other reason justifying such annulment." Thus, we see the court using the word " annulment " in place of, and with the same effect as, " vacating " and including in its purview " any other reason justifying such annulment; " and this construction seems logical and just, for to limit the section to cases where the warrant is set aside by order of the court because it was invalidly or illegally issued, would lead to the anomalous situation of permitting a party who caused the issuance of a valid warrant to have the full benefit of a levy by the sheriff, and pay no poundage if judgment resulted in favor of defendant, and at the same time directing poundage in à case where the court declares the warrant to have been improperly or illegally issued. In other words, poundage would be a penalty to be paid if the warrant is invalid and not to be paid if valid in its inception. Such, I am sure, was not the legislative intent in enacting this section; nor is it the construction that has been placed on this statute by both the party charged with the enforcement of the statute and the parties for whom the law was enacted, acquiesced in by all for a long period of time. (*Gimenez* v. *Great A. & P. Tea Co.*, 242 App. Div. 485, 488.) It is my understanding that in a situation as herein disclosed the party who

causes the issuance of a warrant usually and customarily pays the sheriff's poundage without objection, which undoubtedly explains the dearth of decisions on the question. This places a practical construction on the statute which the court must recognize as being of great importance in its interpretation in case of ambiguity. (*Gimenez* v. *Great A. & P. Tea Co, supra.*)

I, therefore, conclude that the petitioner is entitled to the relief as sought, but since the question of the value of the property attached has been put in issue by the respondent, it will be necessary to hold a further hearing to ascertain this fact so that the amount of the sheriff's poundage may be fixed. For this purpose, this matter, therefore, set down for hearing on May 17, 1940, at four p. m., at Richmond County Supreme Court.