FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, v. MICHAEL J. HARMONAY, Defendant.

Supreme Court, Westchester County, January 9, 1942.

*John A. Wallace*, for the plaintiff.

*Prime Bros. & Duffy*, for the defendant.

*William A. Davidson, County Attorney*, for the sheriff of Westchester county.

*Thomas L. Fournier*, for the receiver.

WITSCHIEF, J. A garnishee execution was issued to the sheriff of Westchester county May 17, 1940, on a judgment against the defendant for $3,965.51. As of November 12, 1941, the sheriff has collected, or was entitled to receive, $656.25 on this execution. Since then other deductions have been made from the debtor's salary under the execution. A receiver in supplementary proceedings has collected $3,162.03 and a deposit of $509.01 in the Yonkers National Bank and Trust Company has been subjected to a third-party subpœna under which that bank continues to hold the fund. By these several agencies there has been made available for satisfaction of the judgment $4,327.29, or more than sufficient for that purpose. The sheriff of Westchester county claims to be entitled to poundage upon the full amount of the execution rather than upon the amount actually collected by him. His theory is that he has an exclusive agency to collect this judgment. There has been no settlement " over the sheriff's head " or " behind the sheriff's back," nor has the execution been vacated or set aside. In effect, the sheriff's claim is that he has a vested right to proceed to collect the garnishee execution and may demand poundage upon the full amount of the execution, notwithstanding full satisfaction of the judgment through the means of other judicial process. The claim of the sheriff shocks the sense of justice and of reason. By subdivision 7 of section 1558 of the Civil Practice Act, the Westchester county sheriff is entitled to five per cent upon the first $1,000, two and one-half per cent upon the next $9,000, and one per cent on all sums above $10,000 collected by him upon an execution. And where a settlement is made after a levy he is entitled to like fees upon the value of the property levied upon not exceeding the amount of the settlement. There is no provision of statute, and there is no justification in reason, for permitting the sheriff to demand fees upon money received by the judgment creditor through other processes of law. The practical problem remains as

to what can be done about it. The judgment creditor has not yet, apparently, received the full amount of his judgment and will not receive it until the receiver accounts. The practical way to solve the question would seem to be to vacate the order authorizing the issuance of the garnishee execution. If the judgment creditor will stipulate in writing that this be done, it will be so ordered and the sheriff directed to return the execution after deducting his poundage on the amount collected by him.