SOUTH ORANGE TRUST COMPANY, Plaintiff, *v.* ANNA PALUCH et al., Defendants.

Supreme Court, Richmond County, October 3, 1944.

*Harry Rosen* for plaintiff.

*Paul H. Rosen* for defendants.

*Sidney Posner* for Sheriff of City of New York.

FENNELLY, J.   Plaintiff herein recovered a judgment against the defendants in the City Court.   Subsequently plaintiff issued an execution against the wages of defendant John Paluch to the Sheriff of the City of New York, Richmond County Division. Thereafter in an attempt to enforce collection of the judgment an action was instituted in the Supreme Court, Richmond County, to set aside a conveyance of real property as fraudulent.   The Supreme Court action was settled by paying to the plaintiff the sum of $1550 in return for which plaintiff discontinued said action, gave a general release to all defendants, executed a satisfaction of the City Court judgment and returned the original promissory note upon which the City Court action was predicated.   Thereafter the attorney for plaintiff requested the Sheriff to discontinue the garnishee execution, which the Sheriff refused to do unless paid the full amount of poundage.

Upon this motion to vacate the garnishee execution the question presented is whether the Sheriff is entitled to poundage on the basis of the amount of the settlement, $1550, or on the basis of the amount collected by the Sheriff under the garnishee order, $78.43.

The relevant provision of subdivision 7 of section 1558 of the Civil Practice Act reads as follows: " Where a settlement is made after a levy  *  *  *  of an execution the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made  *  *  * ".

Under the circumstances here presented, it seems clear that the Sheriff is entitled to poundage on the basis of the full amount of the settlement. (*Rialto Security Corporation* v. *Harrison,* 119 Misc. 145.)

The case of *Federal Deposit Insurance Corp.* v. *Harmonay* (177 Misc. 1069), relied upon by the defendant, is not applicable

to the case at bar. In that case the amount received by the judgment creditor over and above the amount collected by the Sheriff was effectuated through other processes of law (by a receivership in supplementary proceedings and by a third party subpoena. There was no settlement " over the Sheriff's head ".)

Motion granted upon condition that the Sheriff be paid poundage upon the basis of the full amount of the settlement; otherwise denied.