In the Matter of FLYING TIGER LINE, Judgment Creditor, against FRANK SPINETTA, Judgment Debtor.

Supreme Court, Special Term, New York County, January 19, 1948.

*Joseph Calderon* for judgment creditor.

*Sanders & Shandalow* for judgment debtor.

*Marcus G. Christ, County Attorney (Edwin R. Lynde* of counsel), for Sheriff of Nassau County.

BOTEIN, J. The judgment creditor's motion to vacate a garnishee execution upon the wages of the judgment debtor is opposed by the Sheriff of Nassau County, upon the ground that there remain unpaid fees and poundage upon the full amount of the garnishee execution issued to and served by him on September 8, 1947, in the sum of $6,604.95.

On September 4, 1947, shortly before delivery of the garnishee execution to plaintiff, the judgment creditor obtained an order to show cause directed against a corporate third party in which the debtor had an interest, seeking to hold it liable as a receiver under section 44 of the Personal Property Law, of certain goods of the debtor which it had allegedly obtained without compliance with that section. On September 11, 1947, the creditor and the debtor stipulated to satisfy the judgment upon payment of $5,650, payable $3,000 in cash and $2,650 on October 10, 1947. After receipt of the final payment the creditor withdrew the application under section 44 of the Personal Property Law. The judgment creditor concedes its liability for poundage fees on a sum representing 10% of so much of the judgment debtor's

salary as was subject to levy under the garnishee execution—
aggregating about seven weeks' salary.

"The fees of a sheriff are regulated by, and must be fixed in
accordance with, the provisions of section 1558 of the Civil
Practice Act." (*Stojowski v. Banque de France,* 294 N. Y. 135,
140.) There was no right at common law to the collection of
such fees.

Subdivision 7 of section 1558 of the Civil Practice Act reads
in part as follows: "Where a settlement is made after a levy by
virtue of an execution, the sheriff is entitled to poundage upon
the value of the property levied upon, not exceeding the sum at
which the settlement is made".

The above-quoted reference to " value of the property levied
upon", in my opinion, relates only to tangible property. A levy
is accomplished by the seizure of property by the executing
officer. When directed against physical property, obviously the
value of such property furnishes the basis for poundage. Had
this not been a garnishee execution, but an execution levied
upon tangible property worth $100, the sheriff could not claim
poundage fees upon a settlement in the amount of fifty times the
value of the property levied upon. Similarly, in this case,
since the physical dominion exercised by the sheriff constitutes
the levy, under a garnishee execution such dominion extends
only to the fractional portion of his salary due to the judgment
debtor, and thereby exposed to execution under the statute (see
*Roth v. Wells,* 29 N. Y. 471 and cases therein cited; *Morris Plan
Industrial Bank of N. Y. v. Gunning,* 295 N. Y. 324, 330–331).

Any norms for the valuation of a garnishee execution not
based upon the tangible property subjected to levy are impos-
sible of application. A garnishee execution becomes valueless
should the employee debtor die, lose his employment or secure
a discharge in bankruptcy. It will increase in value if the
debtor's salary is increased, and decrease if his salary is
decreased. An appraisal of unearned wages is rendered impos-
sible because of the incalculable human elements involved.

The motion to vacate the garnishee execution is granted, and
it is also held that the sheriff is not entitled to fees except upon
the amounts actually collected. (Cf. *Rialto Security Corp. v.
Harrison,* 119 Misc. 145; *Federal Deposit Ins. Corp. v. Har-
monay,* 177 Misc. 1069.) Settle order accordingly.