Arthur D. Brennan, J.
The defendant, Ritchie Construction Co., Inc., appears specially herein and pursuant to sections 949 and 950 of the Civil Practice Act, moves to vacate the warrant of attachment heretofore issued in the above action against said movant. The said defendant also moves to dismiss the complaint herein insofar as the same relates to it.
This action was brought to recover the sum of $4,745.67. The complaint alleges a first cause of action for goods sold and delivered for an agreed price of $9,245.67 on account of which *358 the sum of $4,500 was paid, leaving an unpaid balance of $4,745.67. Said complaint also sets forth a second cause of action on a note given to evidence the aforesaid balance. The invoices and schedules attached to the complaint clearly show that the goods referred to in the first cause of action were sold and billed to a firm known as Ritchie Building Co., Inc. The note attached to and made part of the second cause of action also clearly shows that the same was made only by the said Ritchie Building Co., Inc. The summons, complaint, and warrant of attachment herein were all issued against “ Ritchie Building Company, Inc., also known as Ritchie Construction Co., Inc.”
Upon the return of this motion, it appeared that Ritchie Building Company, Inc., and Ritchie Construction Co., Inc., have always been and now are separate and distinct entities, each being a corporation organized and existing under the Laws of the State of Connecticut and each maintaining its principal office in the City of Stamford. The warrant of attachment herein was granted and issued on the ground of nonresidence. Following the issuance of the subject warrant, service of the summons and complaint herein was effected upon the defendants personally at Stamford, Connecticut.
The record in this case clearly establishes that the transactions referred to in the complaint were had only with Ritchie Building Company, Inc., and that said firm and the movant herein were and are separate and distinct entities. Although it is true that on a motion to vacate an attachment, the court should not attempt to decide in advance the merits of the controversy, yet where, as here, the complaint and affidavits clearly indicate that the plaintiff must ultimately fail, the motion may and should be granted. (Bard-Parker Co. v. Dictograph Prods. Co., 258 App. Div. 638, 640.)
Accordingly, the motion to vacate the warrant of attachment herein, is granted insofar as the same relates to or affects the movant, Ritchie Construction Co., Inc. Since said warrant has now been vacated, the service of process (based on said warrant) made on the movant in the State of Connecticut must now be held unauthorized; said service is vacated and the complaint is dismissed as against the said Ritchie Construction Co., Inc.
Settle order on notice.