William R. Brennan, Jr., J.
Motion to vacate a garnishee execution granted upon the condition that the movant pay the poundage ($577.85) due the Sheriff.
After a levy under a garnishee execution was made (July 7, 1959), the debtor voluntarily paid the amount of the judgment to the creditor. The funds used in payment were in part borrowed from “ outside sources ” and the remainder from accumulated salary withheld by the debtor’s employer. The debtor agreed with the creditor to pay any poundage due the Sheriff.
The question is: Is the Sheriff entitled to poundage when he has not actually collected any money on the garnishee execution?
The Sheriff’s right to poundage is governed by the statute. Section 1558 of the Civil Practice Act provides, in part, in subdivision 21, “ Where a settlement is made after a levy by virtue of an execution, the sheriff is entitled to poundage upon *1089 the value of the property levied upon, not exceeding the sum at which the settlement is made.” The Court of Appeals has held that “ an affirmative act on the part of the plaintiff which actively interferes with the execution of process * * * is equivalent to collection.” (Personeni v. Aquino, 6 N Y 2d 35, 38.) Here, the plaintiff agreed to take payment directly from the debtor. That is an affirmative act interfering with collection by the Sheriff. As the plaintiff, judgment creditor, may be directed to pay poundage in order to obtain a vacatur of the garnishee execution, the debtor, who has assumed to pay any poundage due, must pay the poundage in order to obtain the relief requested. (See Flack v. State of New York, 95 N. Y. 461; Rialto Security Corp. v. Harrison, 119 Misc. 145; South Orange Trust Co. v. Paluch, 183 Misc. 681.)