Bernard S. Meyer, J.
This is a motion by the Sheriff of the City of New York for an order fixing his poundage at $30,200 on a $1,000,000 attachment which was vacated by the court after a levy had been made thereunder, and for leave to enter judgment for said amount against the plaintiff.
It is not disputed that property having a value in excess of the warrant was in fact attached and indeed it appears that the plaintiff has given the Sheriff a confession of judgment for the amount-of the poundage, but has refused to correct a defect in the instrument which prevents its being filed.
Subdivision 22 of section 1558 of the Civil Practice Act clearly provides that the Sheriff is entitled to the relief which he now seeks;-nor need he, as plaintiff urges, await the final determination of the action, since the poundage fee accrues on vacation of the warrant, however the action may come out.
Plaintiff’s other argument that no rights could accrue under the warrant since it was vacated on the original papers and, *69 therefore, was void ab initio, is unsound. (See Matter of Dempsey v. Lynch Co., 175 Misc. 710, affd. 261 App. Div. 829.) The very purpose of the statute is to insure compensation of the Sheriff by the plaintiff, where, because of a successful attack upon the warrant, he cannot get his fees from the defendant. The only time a Sheriff needs this additional remedy is when the warrant fails to stand up.
The court agrees with defendant that a system under which a litigant may become liable for $30,200 for the physical act of serving three papers has little relation to reason or logic. Poundage came into being because the Sheriff’s position as royal representative was being abused and Sheriffs and their servants were accustomed to practice extortion upon both plaintiffs and those against whom process was issued. (Flack v. State of New York, 5 N. Y. Civ. Pro. Rep. [N. S.] 286.) The Statute of 29 Elizabeth (chap. 4) therefore limited the Sheriff to not more than twelve-pence in the pound for the first 100 pounds, and six-pence in the pound for all over 100 pounds. It has also been said that the right to poundage arises from the risk of liability which the Sheriff incurs by executing process. (Bowe v. Campbell, 2 N. Y. Civ. Pro. Rep. [N. S.] 232.) A surer protection against such risk is authorization, such as that provided in section 696 of the Civil Practice Act to the Sheriff to demand indemnity. In view of such statutes, it would appear that poundage serves only to impose on individual litigants a burden which should be a governmental expense; that is- — the costs of running the Sheriff’s office. Continuation of the poundage system in an age when all other governmental services are paid from public funds is an anachronism. Without question the system should he abolished. So long as the present statutory provisions remain on the hooks, however, this court has no alternative, whatever its personal views, but to grant the motion.