■ AMERICAN BROADCASTING-PARAMOUNT THEATRES, INC., Respondent, v. E. & E. K. ENTERPRISES, INC., Defendant, and JOHN J. McCLOSKEY, as Sheriff of the City of New York, Appellant.— Order, entered on June 20, 1962, unanimously affirmed on the authority of *Personeni* v. *Aquino* (6 N Y 2d 35), with $20 costs and disbursements to respondent. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ HELEN ROSE, Respondent, v. SAM M. ROSE, Appellant.— The first order, entered on May 8, 1962, confirming the report of the Official Referee, and making provision for the maintenance and support of the infant involved, modified on the facts and on the law, to the extent of modifying the second decretal paragraph by striking therefrom the words " the sum of $8,000.00 " and substituting in place thereof the words " the sum of $3,500.00 ", and further modifying the first decretal paragraph of said order by providing that the report of the Official Referee be modified to conform with this decision and the said order of May 8, 1962 is modified on the facts and on the law so as to grant so much of the motion requesting the disaffirmance of the report of the Official Referee as would modify said order to make it conform with this decision and said order is otherwise affirmed, without costs. We find that, in addition to the $2,500 necessary for the infant's tuition, together with the incidentals that may be required to maintain him at school, the sum of $3,500 would be adequate to provide for all of the other needs of the infant, considering his station in life. In arriving at this amount we take into consideration that it is necessary that the infant share the home of his mother, but we do not overlook the infant's attendance at boarding school and at camp during the Summer, making necessary his residence at his mother's home for but a limited period. We have come to the conclusion that the Referee miscalculated the extent of the defendant's income. However, we do find that the amounts here awarded for the infant's support are within the means of the defendant. Concur — Rabin, J. P., McNally and Eager, JJ.; Stevens and Steuer, JJ., dissent in part in the following memorandum: We dissent in part. We believe that $1,500 in addition to the tuition would provide adequate support. The infant is at school or in camp for 47 weeks in the year. The camp expense is $400. The tuition includes his school uniforms. Incidental expenses during this period should not exceed $800. This leaves $700 for board and lodging during the five-week period he is with his mother. In addition to the complete misconception as to defendant's income referred to in the majority memorandum, the record reveals that this defendant has never refused any reasonable item of support to his son and there is no indication that he will do so. The excess payment ordered will undoubtedly be used by the wife for her own support so that, by this means, she will be obtaining alimony that was denied her after a full trial on the merits. Settle order on notice.