In the Matter of **INTERNATIONAL DIS-TRIBUTING EXPORT CO., Inc.,** Bankrupt.

United States District Court
S. D. New York.
June 26, 1963.

Herzfeld & Rubin, New York City, for trustee in bankruptcy.

Sidney Posner, Long Island City, N. Y., for Sheriff of City of New York; Lawrence Meyer, Long Island City, N.. Y., of counsel.

METZNER, District Judge.

The sheriff of the City of New York has brought on this petition to review an order in bankruptcy of Referee Stephenson to the effect that the sheriff is not entitled to his claim for poundage.

The facts are not in dispute. The trustee in bankruptcy obtained a judgment against Arturo Cano for $17,595 in a plenary suit and issued an execution to the sheriff against the wages of the judgment debtor. Levy was made by serving the execution on Cano's employer and pursuant thereto a total of $880 was collected in four installments during the period September 29th, 1959 to March 1st, 1961, upon which amount the sheriff received poundage. Subsequent to the levy the judgment was settled by the payment of $7,500 and a satisfaction of the judgment was issued by the trustee to Cano, stating that there was no execution outstanding on the judgment. This, of course, was not true, and furthermore settlement was made without notice to the sheriff.

The sheriff now seeks poundage on the amount of the settlement. The statutes. involved are Civ. Prac.Act §§ 1558(21) and 684(1). The pertinent parts of these sections read as follows:

§ 1558(21) "Where a settlement is. made after a levy by virtue of an execution, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made."

§ 684(1) " * * * said execution shall become a lien and a continuing levy upon the wages, earnings, debts, salary, income from trust funds or profits, due or to become due to said judgment debtor * * * and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided * * *."

■■ The fees of a sheriff are wholly statutory and must be fixed in accordance with the provisions of section 1558. Stojowski v. Banque de France, 294 N.Y. 135, 61 N.E.2d 414 (1945); Personeni v. Aquino, 6 N.Y.2d 35, 187 N.Y.S.2d 764, 159 N.E.2d 559 (1959). It is clearly established that interference by a plaintiff with an execution in the hands of a sheriff entitles the latter to his poundage without actual collection because such interference is deemed to be the equivalent of collection. Flack v. State of New York, 95 N.Y. 461 (1884); Campbell v. Cothran, 56 N.Y. 279 (1874). Such action, however, must be "of an affirmative rather than a negative nature." The Personeni case, supra, 6 N.Y.2d at 38, 187 N.Y.S.2d at 767, 159 N.E.2d p. 561.

Four decisions at Special Term of the Supreme Court of New York have been cited to the court which deal with settlement by the plaintiff after issuance of the execution against wages. Three of them (Rialto Security Corp. v. Harrison, 119 Misc. 145, 196 N.Y.S. 93 (1922); South Orange Trust Co. v. Paluch, 183 Misc. 681, 51 N.Y.S.2d 198 (1944); Greenfield v. Tripp, 23 Misc.2d 1088, 206 N.Y.S.2d 987 (1960)) support the position of the sheriff. On the other hand, one case (Flying Tiger Line v. Spinetta, 190 Misc. 886, 76 N.Y.S.2d 67 (1948)) supports the position of the trustee.

■■ I am persuaded that the cases cited on behalf of the sheriff correctly set forth the New York law. The execution is a continuing levy until modified by order of the court or by a discharge in bankruptcy. Ulner v. Doran, 167 App.Div. 259, 152 N.Y.S. 655 (1915); Brenen v. Dahlstrom Metallic Door Co.,

189 App.Div. 685, 178 N.Y.S. 846 (1919). Neither modification by court order nor discharge in bankruptcy of the judgment debtor has occurred. Liability on the judgment has been extinguished by the affirmative act of the plaintiff in settling his claims against the judgment debtor. In this case the trustee even went further and represented in his satisfaction piece that there was no execution outstanding on the judgment. The sheriff is entitled to his poundage on the amount of the settlement.

The order is reversed and the claim of the sheriff is allowed. So ordered.