Carmine A. Ventiera, J.
Plaintiffs move herein pursuant to CPLR 6223 to vacate an order of attachment upon the ground that the attachment is unnecessary to the security of plaintiffs. The Sheriff of the City of New York opposes plaintiffs’ motion and cross-moves for an order directing plaintiffs to pay the Sheriff’s statutory poundage fees. Defendant Adrian consents to the vacatur providing the order releases defendant and the Hartford Accident and Indemnity Company (hereinafter referred to as the “ Indemnity Company ”) from all restrictions and liabilities, upon payment of the sums agreed to in the stipulation of settlement, and further providing that they he released from all liens which the Sheriff may be entitled thereto.
The essential facts are not in dispute. Plaintiffs commenced an action to recover damages in the sum of $250,000 for wrongful death and personal injuries. In order to acquire jurisdiction *749 over defendant, a New Jersey resident, plaintiffs attached the contractual obligation of the Indemnity Company to defend and indemnify defendant under the latter’s automobile liability insurance policy of $100,000. On August 30, 1966, the Sheriff levied upon the automobile policy in question pursuant to the order of attachment. On September 1, 1966, defendant was served with the summons and complaint in New Jersey. Issue was joined by service of an answer and on May 1,1967 plaintiffs commenced an action in the United States District Court in New Jersey seeking the identical relief sought in the action here. Defendant then interposed a second affirmative answer which included, among other things, the affirmative defenses of lack of in personam jurisdiction, that the procedure herein violated the due process clause of the United States Constitution, and that another action was pending in another court seeking similar relief. On September 7,1967 the Indemnity Company moved to set aside the warrant of attachment, which motion was denied, but the afore-mentioned defenses were declared sufficient. Defendant appealed the ruling on constitutional grounds, which appeal is presently pending.
It is also established that plaintiffs’ claim has been settled for a sum in excess of $100,000 and a condition of the settlement is the vacatur of the attachment. This fact is substantiated by a letter dated April 23,1968 sent to plaintiffs’ counsel by defendant’s attorney, which is submitted herein. The terms of settlement are further substantiated by an affidavit submitted by the attorney of record for the defendant.
Plaintiffs take the position that since they have acquired in personam jurisdiction in New Jersey there is no further necessity to press this action ‘ ‘ fraught as it is with the danger of appeal to the United States Supreme Court on questions of constitutionality. ’ ’
Plaintiffs argue that the Sheriff is not entitled to the fees charged since the settlement herein was effectuated in an action other than the action in which the order of attachment was issued. Plaintiffs argue further that the vacatur here sought does not come within the contemplation of the statute (CPLB 6223).
Plaintiffs contend that the terms 11 vacate ” and “ set aside ” encompass situations in which the attachment is issued improperly, not cases in which the attachment is issued properly but the plaintiffs did not prevail in the action or the creditor’s judgment was reversed or modified.
A close analysis of the pertinent sections (CPLB 6223 et seq.) strongly suggests that the relevant statutes were primarily enacted to protect the defendants, garnishees and other persons *750 having a proprietary interest in the attached property in order to relieve them of the burden of attachment and to protect their legal rights to the attached property (see 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6223.01, pp. 62-205, 62-206). The very nature of the grounds recognized as sufficient to vacate or modify the attachment supports the view that the statutory scheme in question was not meant to cover the situation here involved (William A. King, Inc. v. Ritchie Bldg. Co., 20 Misc 2d 357; Johns-Manville Int. Corp. v. Insul-Fil Co., 21 A D 2d 764). However, since the “ garnishee, ” the Indemnity Company herein and defendant both agree to the vacatur, and since the Sheriff puts in issue his fees, the court will entertain the motion on its merits.
I find no merit to plaintiffs’ contention that the settlement made in the New Jersey action bars the Sheriff’s right to poundage fees in the instant action. Plaintiffs’ argument has no basis in law or fact. It is obvious that the sole purpose for commencing the other action was plaintiffs’ desire to avoid the anticipated legal difficulties they would encounter if they pursued the action here. The basis for both actions is the same; the parties are the same; there is but one set of facts. Moreover, to permit plaintiffs to succeed would create a dangerous precedent whereby a party might avoid poundage fees by commencing another action in another jurisdiction after using the process of our courts and the services of the Sheriff’s office. This was not the intent of the Legislature. Such an interpretation would do violence to the letter and spirit of the statutory provisions here in question (see CPLR 8012, subd. [b], par. 3). American Broadcasting-Paramount Theatres v. E. & E. K. Enterprises (231 N. Y. S. 2d 633, affd. 18 A D 2d 975) and Federal Deposit Ins. Co. v. Harmonay (177 Misc. 1069), cited by plaintiffs, do not support their position but rather sustain the view taken by the Sheriff. In both cases poundage fees were denied because there was no settlement of the main action and they, therefore, did not come within the statutory exceptions permitting the Sheriff his fees upon settlement or vacatur of the action.
As stated by the court in the American Broadcasting case (supra), “ The applicable statutory exceptions entitle the sheriff to his fee where the action is settled or where the warrant is vacated, set aside or otherwise discharged by the court”.
The Federal Deposit Ins. Co. case (supra) involved an income execution and thus it was obvious that the full amount of the judgment was not immediately available to the judgment-creditor. Moreover, the court noted in that case, “ There has been *751 no settlement, * * * nor has the execution been vacated or set aside.” (177 Misc. 1070.)
Nor do I find any merit to plaintiffs’ argument that the vacatur herein is not the vacatur contemplated by CPLR 8012 (subd. [b], par. 3). In the first place it should be noted that the right to vacate an attachment was not meant for the benefit of the plaintiffs herein but rather for the protection of the defendant (see discussion above). Moreover, the courts have not placed the limited interpretation on the statute suggested by plaintiffs. Thus, in Matter of Dempsey v. Lynch Co. (175 Misc. 710, affd. without opn. 261 App. Div. 829), the court held (p. 711): “ Thus, we see the court using the word ‘ annulment ’ in place of, and with the same effect as, ‘ vacating ’ and including in its purview ‘ any other reason justifying such annulment; ’ and this construction seems logical and just, for to limit the section to cases where the warrant is set aside by order of the court because it was invalidly or illegally issued, would lead to the anomalous situation of permitting a party who caused the issuance of a valid warrant to have the full benefit of a levy by the sheriff, and pay no poundage if judgment resulted in favor of defendant, and at the same time directing poundage in a case where the court declares the warrant to have been improperly or illegally issued. In other words, poundage would be a penalty to be paid if the warrant is invalid and not to be paid if valid in its inception. Such, I am sure, was not the legislative intent in enacting this section ”.
Accordingly, the Sheriff’s cross motion seeking payment of the statutory poundage fees is granted. Plaintiffs’ motion to vacate the warrant attachment is likewise granted upon the following conditions: (A) that plaintiff pay the Sheriff of New York the poundage fees requested; (B) that the order provide that defendant and the Indemnity Company be released from all restrictions and liabilities upon payment of the sum agreed upon in the stipulation of settlement and that they be further released from all liens to Avhich the Sheriff may be entitled.