NEVADA BANK OF COMMERCE, Plaintiff, *v.* 43RD STREET ESTATES CORP. et al., Respondents. JOHN T. McCLOSKEY, as Sheriff of the City of New York, Appellant.

First Department, February 8, 1972.

*H. William Kehl* of counsel (*Frederick Weinberger,* attorney), for appellant.

*Samuel Kirschenbaum* of counsel (*Dreyer & Traub,* attorneys), for respondents.

KUPFERMAN, J.   This is an appeal by the Sheriff of the City of New York with respect to the question of the amount of poundage which he is entitled to have fixed on a levy.

The plaintiff commenced a tort action in New York against defendants for alleged fraud and deceit on their guarantee of a debt incurred by a Nevada corporation.   The amount of damages claimed was $942,161.56 with interest.   A bond in the sum of $750,000 was ordered in connection with the provisional remedy of attachment, and the Sheriff levied against parcels of real property belonging to the corporate defendant, which property it is conceded was of sufficient value to cover a default judgment entered in the amount of $956,668.

Thereafter, the Sheriff was requested not to proceed further to satisfy the judgment because discussions were being had between the parties.   The plaintiff's claim against the primary obligor was then paid in full in Nevada as the result of a settlement reached in a bankruptcy proceeding there, thus releasing the defendants from their obligations as guarantors.

The Sheriff contended that he was entitled to his poundage fee upon the full amount of the judgment, which equalled the amount received in the proceedings in the State of Nevada. Upon the posting by the defendants of security of $30,000 to cover the claim by the Sheriff that he was entitled to a poundage of $28,930.04, the Sheriff released his levy.

Finally, an arrangement was entered into between the plaintiff and the corporate defendant against whose real property the levy had been made, for a payment of $1,000 to the plain-

tiff "in partial compensation of counsel fees and litigation expenses incurred" and "in full and complete settlement and discharge of the aforedescribed judgment" and in connection therewith the plaintiff gave the corporate defendant a satisfaction and release and a discharge of the levy and attachment.

The defendants claim that poundage, if any, must be based on the settlement figure of $1,000, and the court at Special Term agreed, fixing poundage in the sum of $50.

The Sheriff claims that the settlement was colorable and made only in an attempt to avoid payment of the substantial amount which the statute mandates, and that no such " settlement " was necessary in view of the fact that a satisfaction could have been obtained without it pursuant to CPLR 5020 (subd. [c]).

The relevant provision of the CPLR on poundage fees is found in subdivision (b) of section 8012:

" § 8012. Mileage fees, poundage fees, additional compensation, and limitation on compensation of sheriffs  *  *  *

" (b) Poundage fees.

" 1. A sheriff is entitled, for collecting money by virtue of an execution, an order of attachment, an attachment for the payment of money in an action, or a warrant for the collection of money issued by the comptroller or by a county treasurer or by any agency of the state or a political subdivision thereof, or for collecting a fine by virtue of a commitment for civil contempt, to poundage  *  *  *.

" 2. Where a settlement is made after a levy by virtue of an execution, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made.  Where an execution is vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the amount specified in the execution, and the court may order the party liable therefor to pay the same to the sheriff.

" 3. Where a settlement is made, either before or after judgment, after a levy by virtue of an order of attachment, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made. Where an order of attachment is vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the amount specified in the order of attachment, and the court may order the party at whose instance the order of attachment was granted to pay the same to the sheriff.

Where an order of attachment is otherwise discharged by order of the court, the sheriff is entitled to the same poundage, to be paid by the party at whose instance the order of attachment is discharged, and the sheriff is entitled to retain the property levied upon until the poundage is paid. The maximum amount upon which poundage shall be computed, if such a settlement is made or the order of attachment is vacated or set aside, is one million dollars.''

This is a troublesome situation, because of the great disparity between the two possible fee determinations.

There are only three exceptions to the general provision that the right of the Sheriff to receive poundage depends on amounts actually collected. Two such exceptions are in the statute, *supra*, where there is a settlement, not exceeding the sum at which settlement is made, and where an execution or attachment is vacated or set aside. The third exception is in the case law where there is interference with the collection by the Sheriff. (See *Flack* v. *State of New York,* 95 N. Y. 461, 466 [1884] ; *Esselstyn* v. *Union Sur. & Guar. Co.,* 82 App. Div. 474 [2d Dept., 1903].)

The Sheriff did all that he was required or permitted to do to earn his fee. If he had not been requested to withhold action, the judgment could have been satisfied by him (see *Personeni* v. *Aquino,* 6 N Y 2d 35, 38 [1959]). While one should not conclude that the New York levy on the guarantors prompted the Nevada payment in full by the primary obligor, it certainly must have had its effect. The subsequent '' settlement '' for one thousand dollars, assuming it was entered into in good faith, could not be the settlement envisioned by the CPLR. The plaintiff initiated a levy and thereafter received full value. That the amount of the poundage may be considerable is fully contemplated by the reference to a maximum base amount of one million dollars in the CPLR 8012 (subd. [b], par. 3, *supra*) ; (*Stojowski* v. *Banque de France,* 294 N. Y. 135 [1945]).

The order should be modified, on the law, without costs, and the poundage fixed in the sum of $28,930.04.

McGivern, J. (dissenting). I agree completely with the Justice at Special Term, and would limit the Sheriff's poundage to the $1,000 paid in settlement of the New York action. The statute says '' not exceeding the sum at which the settlement is made ''. And the settlement in this jurisdiction was $1,000. There the matter should end. Particularly is this so in the instant case where once the primary obligation was paid by the principal obligor, no obligation at all remained as to this defendant.

With prophetic vision, the Legislature knew what it was doing when it placed these restrictions in the statute. " The Legislature in the amendatory statute has placed a limit upon the fees payable to a sheriff in circumstances, where in its opinion, such fees would otherwise be unreasonably large " (*Stojowski* v. *Banque de France,* 294 N. Y. 135, 145). And I think the Sheriff here is being more than a bit unreasonable when he attempts to gauge his poundage on a measly New York settlement by a substantial arrangement entered into in a bankruptcy proceeding in Nevada between a Nevada bank and a Nevada hotel which went bankrupt.

And be it remembered: " The statutory exceptions authorizing poundage * * * are in derogation of common law and must be strictly construed " (*Personeni* v. *Aquino,* 6 N Y 2d 35, 38).

STEVENS, P. J., McNALLY and MACKEN, JJ., concur with KUPFERMAN, J.; McGIVERN, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on February 11, 1970, modified, on the law, and the poundage fixed in the sum of $28,930.04, and otherwise affirmed, without costs and without disbursements.