Millard L. Midonick, S.
The successor executor and trustee has rendered a second intermediate account. He petitions for the approval of a settlement agreement, the allowance of attorney’s fees, and the determination of certain claims against the estate. One of the claims, involving the fee of a Connecticut attorney, was settled by stipulation. The sole remaining claim, by the Sheriff of New York County, raises the question of when does a settlement make a petitioner liable to the Sheriff for statutory poundage.
The successor executor, Bathkopf, in 1959 obtained a surcharge against Harlow S. Pearson, the former executor, in the amount of $63,560.33. It appeared that Harlow was unemployed and in debt and had no assets other than a life estate in a trust established in Connecticut under the terms of his father’s will which produced income of $20,000 to $30,000 per year. He had made two assignments of this trust interest, one as security for a $50,000 bank loan, and the second (subject to ■the first) to Helen Bidgeway (now Pearson, Harlow’s second wife) to the extent of one third of the income accrued and to accrue after December, 1957.
The cotrustees of this Connecticut trust are the Bankers Trust Company, a New York corporation, and Harlow Pearson. Therefore, Bathkopf had his attorney issue an income execution against Bankers Trust and Harlow Pearson as trus *996 tees, to the Sheriff of New York County. This execution was issued on March 28, 1960 and was levied upon accrued and future income in the hands of these trustees by the Sheriff. At the direction of Bathkopf’s attorney the Sheriff made two further levies upon the same funds held by these trustees, pursuant to income executions dated May 19, 1965 and November 27, 1967.
After the first of these levies Bathkopf also brought suit against Harlow Pearson in Connecticut in 1960 by attachment there of his interest in this very same trust. Furthermore, since the estate held a claim against Helen Bidgway Pearson as the coindorser with Harlow Pearson of a note due to the estate and uncollected, Bathkopf brought suit against her in Connecticut in 1960 by attachment of her interest by assignment in this same trust.
In February of 1960 the United States brought an action in the Southern District of New York to foreclose its income tax lien on Harlow Pearson’s interest in the Connecticut trust, and to determine the validity and priority of other claims against this trust. Bathkopf was a party to this action in his fiduciary capacity, and his claims against this trust fund were considered. The Federal court granted a series of partial summary judgments by which Harlow Pearson’s bank loan was páid in full with interest and the Government was paid, for its early tax years with interest and penalties in full. After trial in the Federal court a judgment was rendered in 1968 giving Bathkopf a priority over the remaining Federal tax claims, but giving him a lesser priority than claims by Helen B. Pearson which totaled over $94,000 as well as one third of the trust income. Under the Federal judgment Bathkopf received payments totaling $15,500. Finally in 1970 a settlement was negotiated under which Harlow Pearson revoked •his one-third income assignment to Helen Pearson and both of them established a new irrevocable trust for the benefit of creditors. Under this settlement Bathkopf receives $39,500 in full settlement of his claims against both Harlow and Helen Pearson (of which $15,500 had already been received).
The Sheriff contends that, under the provisions of the CPLB, he is entitled to poundage on the full amount of this settlement. The relevant portion of that statute is former subdivision (b) of CPLB 8012 which read as follows:
“(b) Poundage fees.
“ 1. A sheriff is entitled, for collecting money by virtue of an execution, an order of attachment, an attachment for the *997 payment of money in an action, or a warrant for the collection of money issued by the comptroller or by a county treasurer or by any agency of the state or a political subdivision thereof, or for collecting a fine by virtue of a commitment for civil contempt, to poundage of five per cent upon first ten thousand dollars collected, and three per cent upon the residue of the sum collected.*
‘2. "Where a settlement is made after a levy by virtue of an execution, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made. Where an execution is vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the amount specified in the execution, and the court may order the party liable therefor to pay the same to the sheriff.
“ 3. Where a settlement is made, either before or after judgment, after a levy by virtue of an order of attachment, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made. Where an order of attachment is vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the amount specified in the order of attachment, and the court may order the party at whose instance the order of attachment was granted to pay the same to the sheriff. Where an order of attachment is otherwise discharged by order of the court, the sheriff is entitled to the same poundage, to be paid by the party at whose instance the order of attachment is discharged, and the sheriff is entitled to retain the property levied upon until the poundage is paid. The maximum amount upon which poundage shall be computed, if such a settlement is made or the order of attachment is vacated or set aside, is one million dollars.”
The general rule is that the Sheriff is entitled to receive poundage only upon amounts actually collected. The statute makes two legislative exceptions to this rule; poundage is allowed where there has been a settlement (on an amount not exceeding that of the settlement), or where an execution or attachment has been set aside (Nevada Bank of Commerce v. 43rd St. Estates Corp., 38 A D 2d 227).
Broadly stated this legislative exception for the case of settlements provides that when a party has made use of the services of the Sheriff’s office in the pursuit of a claim, and he later satisfies that claim by means of a settlement, the *998 Sheriff is entitled to his poundage whether he has actually made any collections or not. Thus in the case of Gazerwitz v. Adrian (57 Misc 2d 748), an action was commenced by the attachment of an insurance policy in New York by the Sheriff. Later another suit was commenced on the same cause of action by the same parties in the Federal District Court in New Jersey. This later suit was settled for $100,000 and the New York Supreme Court at Special Term held that the New York Sheriff was entitled to poundage based on the amount of the New Jersey settlement. The court stated (p. 750) “to permit plaintiffs to succeed would create a dangerous precedent whereby a party might avoid poundage fees by commencing another action in another jurisdiction after using the process of our courts and the services of the Sheriff’s office. This was not the intent of the Legislature. Such an interpretation would do violence to the letter and spirit of the statutory provisions here in question (see CPLR 8012, subd. [b], par. 3).”
Petitioner Rathkopf attempts to distinguish the Gaserwits case, pointing out that that court based its decision on the fact that the .same issue was being litigated by' the same parties in different jurisdictions. He argues that the main parties to the settlement herein were not the estate and Harlow Pearson (who was the subject of the Sheriff’s execution) but the estate and Helen Ridgway Pearson. He urges that it was Helen Pearson who contributed the bulk of this settlement while Harlow Pearson got a so-called “free ride”.
The court in Gaserwits did base its decision in part on the identity of parties in that case. However, the Appellate Division, First Department, has held that this statute cannot be interpreted in so narrow a manner. In the case of Nevada Bank of Commerce v. 43rd St. Estates Corp. (38 A D 2d 227, supra), suit was brought against the guarantor of an obligation in New York by a Sheriff’s levy and attachment on New York property. The Sheriff was requested not to proceed further and the plaintiff settled his claim with the primary obligor (not the New York guarantor) in Nevada for the full amount, which was over $900,000. The court held that the Sheriff was entitled to poundage on the full amount of the Nevada settlement, not on the $1,000 for which the New York parties formally discontinued their suit. The principle thus enunciated is that, where the process of the Sheriff’s office is utilized, and later a settlement of the claim that was disputed occurs, the Sheriff is entitled to poundage on the full amount of that settlement. Identity of the claim, not the parties, is the crucial element,
*999 In the ease at bar the petitioner caused the Sheriff to make three separate levies of income executions. Although he complains that collection was never made by the Sheriff, it is clear that he did not expect any collection, but instead hoped by means of these levies to achieve a priority position for his claims in the very Federal action from which the settlement emerged. Bathkopf’s attorney in a letter to the Sheriff dated May 18, 1965 which accompanied one of the income executions, stated: “Pending decision in the Federal action, I do not-expect any collection. My sole desire is to take all steps as may be needed, if any, to maintain the perfection of the lien of my judgment superior to the anticipated Federal lien. Possibly the enclosed papers are superfluous, but I prefer this to the alternative. ”
The petitioner had the New York County Sheriff levy on three different executions. The claim on which these executions were based has now been settled in the Federal action. Therefore, this court holds that, under the principle enunciated in the case of Nevada Bank of Commerce v. 43rd St. Estates Corp. (38 A D 2d 227, supra), the Sheriff is entitled to poundage on the full amount of that settlement.
The parties have agreed that the amount of poundage in dispute and as yet unpaid is $1,247.50. The petitioner is directed to pay the Sheriff this amount in full settlement of his claim. The settlement agreement is approved, as are the attorney’s fees provided therein.

 The rate of these poundage fees has since been amended twice effective July i; 1970 and July 1,1972.