John D. Bennett, J.
In this proceeding the court signed a decree on April 13, 1977 authorizing the fiduciary to compromise the action for wrongful death. Her counsel now moves the court to determine whether the Sheriff is entitled to a poundage fee out of the settlement proceeds and whether the decree should be amended accordingly.
The decedent was killed in an automobile accident while temporarily in California. In order to institute an action in the Supreme Court, Nassau County, the fiduciary petitioned and procured from the latter court an order of attachment "against the property of the defendant” in said proposed action. The order of attachment dated October 22, 1976 and entered in the Nassau County Clerk’s office on November 24, 1976 recites the "satisfaction” of that court to the effect that "one of the grounds for attachment set forth in CPLR 6201 exists.”
CPLR 6201 of course relates to the type of action, the residence or domicile of the defendant and CPLR 6202 relates to the nature of "debt or property” subject to attachment. *424 CPLR 6202 states that "Any debt or property against which a money judgment may be enforced as provided in section 5201 is subject to attachment. The proper garnishee * * * is the person designated in section 5201; for the purpose of applying the provisions to attachment, references to a 'judgment debtor’ in section 5201 * * * shall be construed to mean 'defendant’ ” (emphasis supplied).
CPLR 5201 specifically authorizes any money judgment to be enforced against any "debt” (whether past due or to become due). The Court of Appeals has held that an attachment was properly issued in order to obtain in rem jurisdiction over a nonresident defendant who owned a corporate insurer’s contractual obligation to defend and indemnify that defendant under his policy of automobile liability insurance (Simpson v Loehmann, 21 NY2d 305, rearg den 21 NY2d 990; see, also, Victor v Lyon Assoc., 21 NY2d 695).
The fiduciary contends that assessing poundage is unfair; that it is intended only for "collecting” money; and, in effect, that the policy of insurance never had any separate, merchantable or economic value on which to assess poundage fees. In his concurring opinion in Simpson v Loehmann (supra) Judge (now Chief Judge) Breitel did make some statements which tend to support this argument. He stated (p 315) that "these contemporary statutes are designed to reach every kind of marketable and assignable* property, and every kind of right that is reducible to marketable or assignable economic value. They refer to debts and property, and in the case of causes of action they must be assignable. But they are not intended or designed to reach every obligation created by contract, however inchoate, conditional, contingent, or personal. The obligation to defend and, even more, the obligation to indemnify are just such inchoate, conditional, contingent, and personal obligations. Before they come into play, there must be an external event (usually an accident) within the coverage of the policy, performance of conditions precedent by the insured, and co-operation by the insured. Even then, if the insurer’s obligation to defend is fully performed, there is nothing of economic value to which the insured may make claim, receive, or assign. As to the obligation to indemnify, that does not ripen until accident, defense, and defeat resulting in judgment against the insured.
*425 "The statutes, in making intangible assets leviable and attachable, are not intended to reach the intangible right as such but instead to reach the tangibles that eventually must result from the intangible right” (emphasis supplied).
And, later (p 316) Judge Breitel said, "As for the effect of the rule [of Seider v Roth, 17 NY2d 111], the practical consequences are highly undesirable.”
The Supreme Court order of October 22, 1976 properly and specifically ordered the Sheriff of Nassau County to "levy within his jurisdiction and any time before final judgment upon the contractual obligation of Allstate insurance company to defend and indemnify the defendant * * * for the purpose of satisfying any judgment that may be obtained by plaintiff herein, together with * * * Sheriffs’ fees and expenses * * * and make his return within the time prescribed by law.” It is also noted that the order recognized that the causes of action sued for a total of $300,000’ yet fixed the plaintiff’s undertaking at $150 for legal costs of defendant and only $100 for payment to the Sheriff of "all of his allowable fees”.
CPLR 8012 provides for the various fees and compensation of Sheriffs. Subdivision (b) covers "Poundage fees” and thereunder paragraph 1 states: "1. A sheriff is entitled, for collecting money by virtue of an execution, an order of attachment * * * to poundage of * * * five per cent upon the first two hundred fifty thousand dollars collected”. (Emphasis added.) CPLR 8012 (subd [b], par 3) states that "Where a settlement is made, either before or after judgment, after a levy by virtue of an order of attachment, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made” (emphasis supplied).
The action here involved was settled for the sum of $44,950.76. Under the above statute, the poundage is calculated on that amount, as it did not exceed the amounts stated in the order of attachment, to wit: $250,000 for wrongful death and $50,000 for conscious pain and suffering. In view of the settlement it would be absurd to say that the cause of action (or policy) had only nominal value! The court therefore directs that the Sheriff be paid, as a necessary cost and disbursement of the action, the sum of $2,247.53 as and for his poundage fees.
The cases cited by the County Attorney on behalf of the Sheriff support this determination. In Matter of Pearson (72 *426 Misc 2d 995) the New York County Surrogate’s Court directed payment by the estate of poundage fees based on the amounts actually collected by settlement, citing substantially the same provisions of the CPLR. Also cited (p 997) was the Appellate Division’s opinion in Nevada Bank of Commerce v 43rd St. Estates Corp. (38 AD2d 227) which, although reversed 10 months later by the Court of Appeals (33 NY2d 706) on the basis of the dissenting opinion, the reversal was based upon a different factual situation not relevant here.
In Gazerwitz v Adrian (57 Misc 2d 748) the plaintiffs’ action for wrongful death was based upon an order of attachment similar to that granted here. The defendant in that case was served in New Jersey and after joinder of issue the plaintiffs commenced an action in the United States District Court in that State, seeking the identical relief sought in first Kings County action. The answer then asserted lack of jurisdiction, violation of due process and the pendency of another action. The indemnity insurance company then moved to vacate the order of attachment which was denied. Expecting to settle and avoid the then pending appeal on constitutional grounds, the plaintiffs therein moved to vacate the order of attachment and the Sheriff cross-moved for his poundage fees.
The court in that case entertained the motion on its merits and ruled in favor of the Sheriff, stating (p 750) that plaintiffs’ arguments had "no basis in law or fact”. It was held (p 750) that "to permit plaintiffs to succeed would create a dangerous precedent whereby a party might avoid poundage fees by commencing another action in another jurisdiction after using the process of our courts and the services of the Sheriff’s office. This was not the intent of the Legislature. Such an interpretation would do violence to the letter and spirit of the statutory provisions here in question (see CPLR 8012, subd. [b], par. 3)” (emphasis supplied). The court quoted from American Broadcasting-Paramount Theatres v E. & E. K. Enterprises (231 NYS2d 633, affd 18 AD2d 975), cited by the plaintiffs: "The applicable statutory exceptions entitle the sheriff to his fee where the action is settled or where the warrant is vacated, set aside or otherwise discharged by the court”.
A recent unreported CPLR article 78 proceeding was decided in Supreme Court, Westchester County (Matter of Carter v Seniuk, Index No. 477/76). The defendant there was the same Sheriff who is respondent here. That court was asked to determine that no poundage was due or, in the *427 alternative to fix the amount and manner of payment thereof. The petitioner was directed by order dated February 23, 1976 to pay the amount demanded by the Sheriff at the time of settlement (citing Gazerwitz v Adrian, supra). The Deputy County Attorney affirms to this court that an insurance policy was levied on in that case and that thereafter the action was discontinued with a new action instituted in the United States District Court of New Jersey and then settled for $135,000. The order of the Supreme Court in Westchester County directed payment of poundage fees on said amount.
The intent of the Legislature is clearly expressed in the statutes quoted, and the petitioner’s argument that the assessment of poundage fees is unfair in situations like this cannot be sustained. The court is bound by the wording of the statutes and the higher court rulings as they now stand unless and until the Legislature makes a change.
The decree of April 13, 1977 should be resettled on notice to provide appropriate amendments directing payment of the Sheriff’s poundage as stated above, as an expense of the litigation before distribution.

 CPLR 5201 (subd [a]) does state that "A debt may consist of a cause of action which could be assigned or transferred”. It does not include the word "marketable”.