MILDRED CONSIDINE, Individually and as Executrix of ROBERT B. CONSIDINE, Deceased, Plaintiff, v EDWARD A. PICHLER, as Sheriff of the City of New York, Defendant.

First Department, December 18, 1979

## APPEARANCES OF COUNSEL

*George Berger* of counsel (*David L. Bressman* with him on the briefs; *Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for plaintiff.

*Paul L. Weinstein* for defendant.

## OPINION OF THE COURT

*Per Curiam.*

In this action on submitted facts under CPLR 3222, the question presented is whether plaintiff is obligated to pay poundage to the Sheriff pursuant to CPLR 8012 (subd [b], par 3).

The pertinent facts are that plaintiff brought an action for wrongful death and loss of consortium, and obtained quasi in rem jurisdiction against the nonresident defendants by attach-

ing two liability insurance policies pursuant to *Seider v Roth* (17 NY2d 111). The Sheriff executed the levy by serving the orders of attachment upon the two insurance companies (see *Downe Communications v Aetna Cas. & Sur. Co.,* 37 NY2d 903). Thereafter, the action was settled for $130,000 which was paid in equal shares by the two insurance companies. Plaintiff paid the Sheriff's claim of $6,500 poundage under CPLR 8012 (subd [b], par 3), reserving her right to sue to recover same, resulting in the instant action.

CPLR 6202 provides that "Any debt or property against which a money judgment may be enforced as provided in section 5201 is subject to attachment." An insurance company's obligation to defend and indemnify a nonresident insured is a "debt" under CPLR 5201 subject to attachment under CPLR 6202 (*Simpson v Loehmann,* 21 NY2d 305, 308, rearg den 21 NY2d 990). CPLR 8012 (subd [b], par 3) provides: "Where a settlement is made, either before or after judgment, after a levy by virtue of an order of attachment, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made."

We perceive nothing in the foregoing statutes to justify exempting *Seider v Roth* attachments from the Sheriff's claim for poundage on the amount of the settlement. We note that trial courts which have addressed this issue have uniformly so held. (*Matter of Norton,* 90 Misc 2d 423; *Gazerwitz v Adrian,* 57 Misc 2d 748.) Even those decisions criticizing the poundage system as unfair and anachronistic have recognized that the issue is one properly addressed to the Legislature. (*Jewelry Realty Corp. v Newport Assoc.,* 64 Misc 2d 409; *Hoffman & Co. v Polarad Electronics Corp.,* 26 Misc 2d 68.)

Accordingly, we direct entry of judgment with the County Clerk, New York County, for the defendant Sheriff of the City of New York in the sum of $6,500, plus interest, which has accrued in the escrow account containing this fund, without costs.

MURPHY, P. J., BIRNS, SANDLER, BLOOM and LANE, JJ., concur.

Judgment directed to be entered with the County Clerk, New York County, for the defendant Sheriff of the City of New York, in the sum of $6,500, plus interest, which has

accrued in the escrow account containing this fund, without costs and without disbursements.